Lee v. Hamilton.

---

LEE v. HAMILTON AND ANOTHER.

A plea which denies the partnership of plaintiffs who sue as partners, is a nullity and may be disregarded by the plaintiffs if it be not sworn to.

Where the law requires a plea to be sworn to, and the plea is filed without being sworn to, leave to amend, in order to perfect the plea, must be obtained as in other cases.

An averment which involves the production of testimony, cannot be made without leave of the Court or notice to the opposite party, and if attempted to be so made, must be disregarded at the trial.

Although the charge of the Court be in the main correct, yet if it submit to the jury a hypothesis which was not warranted by the evidence, by which the jury may, not improbably, have been misled, the judgment must be reversed.

It seems that a partner has not authority in general to receive payment of a partnership debt in property; the exceptions being where from the nature of the partnership business, the course of partnership dealing, or the acquiescence of the other partners, such authority is implied.

Appeal from Smith. Action by the appellees, Hamilton

and Wiley, as partners in carpentry, against the appellant, on an account for work and labor. The defendant filed an answer in which he denied the partnership of the plaintiffs, and pleaded certain payments in specific articles of property. The answer was filed on the 28th of October. On the 3rd of November, the plaintiffs filed exceptions to the first plea, on the ground that it was not verified by affidavit, and to the second plea on the ground that it was a plea of set-off of an individual debt of Hamilton to the defendant. There was a certificate by the Clerk without date at the end of the first plea, that the same was sworn to before him. And a similar certificate dated November 3rd at the end of the second plea. The exceptions to the answer were not called to the attention of the Court before going to the jury, but during the progress of the trial the plaintiffs inquired of the Court, whether they would be required, under the pleadings, to prove the partnership, and were informed they would not, as the plea in abatement appeared to be sworn to subsequent to the filing thereof. Thereupon the defendant asked leave to amend, and called the Clerk who testified that the plea in abatement was sworn to, but could not tell the precise day. No amendment was allowed.

The main question was whether the defendant was entitled to a credit for a horse. The proof was that it was agreed between Hamilton, Lee and one Jones, that Jones should let Hamilton have the horse at the price of $180, that Lee should pay Jones the price, that Hamilton should credit Lee with that amount on the account sued on, and that Lee did pay Jones, as stipulated.

The charge of the Judge, upon this point, was as follows:

If the defendant has proved that he furnished the articles (there were other articles besides the horse) charged in his account, or any part thereof, as a payment to the plaintiffs for the work done by them, he is entitled to have the amount deducted from the amount sued for, or if the account is for things charged to and received by plaintiffs or either of them in relation to the partnership, he is entitled to the same; but if re-

ceived by either of plaintiffs in his individual capacity, defendant is not entitled to a credit for the same in this action, although said partner may have said to defendant, that it should be a payment. If you find that defendant sold the horse to Hamilton for the purposes of the partnership between Hamilton and Wiley, or that Wiley agreed to the sale, he is entitled to his value; but in no case can defendant recover the amount, if Jones sold the horse to Hamilton for his account, to the amount of $180, against the defendant.

The defendant requested the Judge to charge the jury, in effect, that if they found the facts as stated above, they should allow the credit, which the Judge refused.

*Bowdon & Chilton*, for appellant. The Court erred in ruling out defendant's plea denying the existence of a partnership between the parties plaintiff at the time of the making of the contract, upon the ground that it was not sworn to, as it very plainly appears from the records, that that plea was sworn to and certified by the Clerk of the Court. The objection taken by appellees counsel in the Court below was that no date was given to said verification. It is thought that the principle of law is well established, that, where the law requires a plea to be filed with a verification, and the plea is filed having its proper date and the verification attached, without any particular date, the date of the verification must be presumed to be that of the filing, and should have been so considered.

There was error in ruling out defendant's plea and answer; because plaintiffs did not take their exceptions before going to trial; and failing to do so, they certainly waived all objections. In support of the position, see Williams and another v. Bailes, 9 Tex. R. p. 61.

In addition to this it is urged by appellant's counsel that, without the verification, it would have been admissible for the defendant to have proved the facts that the parties suing were not partners at the time the contract was made, the verification or oath merely throwing the onus of proof upon the plaintiff. (See same case, Williams and another v. Bailes.)

And, even had the objection been made at the proper time and in proper form, the Court erred in refusing to permit defendant to amend his answer by having the Clerk to mark the verification to plea of its proper date. The defendant was certainly entitled to his amendment, and had it operated as surprise the plaintiffs would have been entitled to a continuance. (Ritter v. Hamilton, 4 Tex. R. 325.)

The Court erred in refusing to give the charge asked by defendant's counsel. If Jones let Hamilton have a horse at a stipulated price, and it was agreed between Hamilton and Lee that Lee should pay Jones for the horse and credit the amount upon the account due Hamilton from Lee, and Lee did so pay Jones, it was certainly good as a payment, and should have been so charged.

*B. T. Selman*, for appellees. The plaintiffs could not be required to prove the partnership ; for the plea or pleas denying the same, were not verified by affidavit. (Hart. Dig. Art. 743.) The name of the Clerk follows the first plea, and to second is appended this entry, " Sworn to before November 3rd, 1852, N. J. Ellis, Clerk, per S. L. Erle, Deputy." The first proves nothing, and the latter does not come within the decision of this Court in Chevallier v. Williams & Co., 2 Tex. R. 241, and is believed therefore to be insufficient.

Again, the answer was filed, October 28th, and the above mentioned entry was made on the 3rd November. Now, if it were competent to amend a plea in abatement, by swearing to it, leave of the Court should have been obtained, and this was not done. (Coles v. Kelsey, 2 Tex. R. 541.) A plea denying a partnership without an affidavit would be treated as a nullity at any stage of the proceedings.

The date 3rd November, if regarded at all, has reference to the whole, and would be the date of the first affidavit if affidavit at all. If it were competent as stated above to make such an amendment, on 3rd November, as permission of the Court was not asked, the Court ruled correctly in refusing to

allow the defendant to have the original plea, on which said entry was made, already filed, to be filed on that day and after the trial had progressed far towards its termination; indeed the Court at that time, had no discretion. (Love & Chappel v. McIntire, 3 Tex. R. 10.)

The partnership being established, the individual claim against Hamilton could not be brought in as a payment or set-off. There was no pretence that Hamilton was insolvent or that the money could not be made out of him, and if there had been, to be allowed, the demands must have been mutual under the circumstances of this case. If pleaded as a payment, and the partners labored for money, and the payment was made in anything else, not in the usual course of their partnership business, Wiley must have assented to, and acquiesced in such payment. (Albright et al. v. Aldrich, Adm'r, 2 Tex. R. 166; 10 Tex. R. 139.) The proof clearly shows that Wiley had nothing to do with the claim against Hamilton.

WHEELER, J. We are of opinion that the Court did not err in treating the plea, denying that the plaintiffs were partners as a nullity; because not sworn to when filed, and because the affidavit was appended without leave having been taken to amend. The object of requiring parties to obtain leave to amend is to give notice of the amendment to the adverse party. But it does not appear that the plaintiffs had notice of the amendment in this case until after the trial had commenced. They cannot therefore be held to have waived any right by going to trial without objecting to the amended plea. Nor could they be expected or required to come prepared with evidence to prove their partnership, when the fact was not put in issue by the plea as filed, in the manner required by the statute. (Hart. Dig. Art. 743.) To have held the plaintiffs affected by an amendment to the plea, made without leave of the Court, or notice of the amendment, would have operated a surprise and manifest injustice to the plaintiffs.

The matters in account claimed by the defendant were not pleaded as a set-off, but as payments; made to and received by one of the partners on account of the work done by them. Each partner has an implied authority to receive payment of debts due the firm. And such authority may be inferred to receive payment or satisfaction in property as well as in money, if received in the usual course of the trading and business of the firm; or if the other partner knew of the receipt of property by his co-partner on account of indebtedness to the firm and did not object. The charge of the Court appears to have been in the main correct. But in respect to the right of the defendant to have the value of the horse delivered to the plaintiff Hamilton, deducted from his indebtedness, it is to be apprehended the charge may have misled the jury. If the plaintiffs received the horse through the agency and at the expense of the defendant, it did not matter at whose hands he was received. If the horse was delivered at the instance of the defendant and upon his credit, and was paid for by him, the delivery by another was as much a payment by him as if made by him in person. The material inquiry for the jury was whether the horse was received by Hamilton with the consent of his co-partner, either expressly given, or impliedly from their usual course of dealing and manner of transacting their business. If it was usual in the transaction of their business as partners, for one of them to receive property of this description on account of the firm, the consent of the other partner might be presumed from such being their usual course of dealing; unless there were some circumstances attending this particular transaction from which the defendant had reason to suppose that the partner with whom he dealt was not acting fairly and honestly towards his co-partner. If there was such express or implied consent, the firm was chargeable; otherwise not. And this was the question for the jury to decide upon the evidence before them. But their attention was not directed by the charge of the Court to this inquiry; but was the rather diverted from it, and directed to the single inquiry

as to who were the immediate parties to the contract of sale of the horse. And the jury were given plainly to understand that they might find that the defendant was not a party to the contract for the delivery of the horse; but that the horse was sold by Jones to Hamilton; and paid for by an assignment by the latter to the former, of the defendant's liability to the firm; in which case he could not be credited by the value of the horse; whereas there was no evidence to authorize such an hypothesis; or to warrant the jury in finding that such was the character of the transaction. And although the instruction asked by the defendant was liable to the objection that it also left out of view the question of the consent express or implied of the other partner to the receipt of payment in that manner, and on that account might well be refused, or if given, should have been with that qualification; yet its presentation of the facts respecting the delivery of the horse, was evidently intended to correct the misapprehension of the Court on that subject; and, it would seem, was sufficient to suggest the proper correction of the charge in this respect. But it did not have that effect. And as it is not improbable that this misapprehension may have been the occasion of misleading the jury to the prejudice of the defendant, the judgment must be reversed and the cause remanded. It does not become necessary therefore to revise the other rulings of the Court complained of.

Reversed and remanded.