SHERMAN H. MORRISON v. JEREMIAH G. WALKER.

A judgment by default will not be rendered, on an amended petition, setting up a new cause of action, upon a moneyed demand, of which the defendant has had no notice.

In all cases, where a demand for money, upon a cause of action other than that set forth in the original petition, is made by an amendment, there must be service of the amendment; or the record must disclose the fact, that the party to be affected by the amendment, was actually in court, in person, or by attorney, and might have had notice of such amendment.

The practice in regard to amendments, as discussed in Ward v. Lathrop and another, 11 Tex. Rep. 287, Bell v. McDonald, 9 Tex. Rep. 378, and Williams v. Randon, 10 Tex. Rep. 74, recurred to by the court; and the rules in relation thereto approved, to the extent to which they were carried in those cases.

ERROR from Guadalupe. Tried before the Hon. Alexander W. Terrell. The opinion states fully the facts.

*Ireland*, for defendant in error.

BELL, J. In this case, Walker, the defendant in error, sued Morrison and one Wyatt, on a joint and several promissory note, for the sum of one hundred and sixty dollars. Service was made of the original petition on both the defendants in the court below. After service, the plaintiff below obtained leave

to amend his petition.   He accordingly filed an amendment, in which he dismissed his suit as against Wyatt, and set up a further demand against Morrison, founded upon two other promissory notes.   One of these notes, declared on in the amended petition, was for the sum of three hundred dollars, with a payment of one hundred dollars endorsed; and the other note declared on in the amendment, was for the sum of one hundred and fifty-two dollars.   There was no service of the amended petition upon Morrison.   The plaintiff took judgment against Morrison by default, for the whole amount claimed by the original and amended petitions.

We are of opinion that the case shows a great abuse of the privilege of amendment.   We are aware that the practice of the District Courts has been to permit a very liberal exercise of the right of parties to amend; and this court has, by many decisions, sanctioned a most liberal practice on the subject of amendments.   But no decision of this court has gone to the extent of permitting a judgment by default, upon a moneyed demand, set up for the first time by an amendment, of which the party to be charged, has not had notice.   In those cases in which this court has been the most indulgent towards amendments, the idea has been continually advanced that they will not be permitted to operate so as to deprive parties of any proper defence.   We have recurrred to the cases of Ward v. Lathrop and another, 11 Tex. Rep. 287; of Bell v. McDonald, 9 Tex. Rep. 378; and of Williams v. Randon, 10 Tex. Rep. 74; and we think that no sound objection can be taken to the extent to which the rule in relation to amendments was carried in those cases.   In the case of Lee y. Hamilton, 12 Tex. Rep. 413, which was a case where all the parties were in fact before the court, it was held that an amendment by one party, which would necessarily put the other upon the production of proof, could not be made without notice to the party to be affected by it, and if so made, that it might be treated as a nullity.   Where the object of an amendment is merely to cure a defective statement, or to give form to what was before informal, or the like;

or where parties are in fact before the court, and have actual notice of the filing of amendments, we do not think service of the amendment to be necessary. But in all cases where a demand for money upon a cause of action other than that set forth in the original petition, is made by an amendment, we are of opinion that there must be service of the amendment, or the record must disclose the fact that the party to be affected by the amendment, was actually in court, in person, or by attorney, and might have had notice of such amendment.

The assignment of errors in this case is somewhat vague, and does not very distinctly present any point for our consideration. But there is a suggestion of delay on the part of the defendant in error, which under the practice of the court, requires us to notice any errors presented by the record. For the reasons, therefore, above indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.