SARAH PENDLETON ET AL. V. A. COLVILLE ET AL.

1. AMENDMENT SETTING UP NEW CAUSE OF ACTION.—A judgment rendered for plaintiff upon a new cause of action set up by amendment in a publication suit, and of which amendment defendants have had no notice, will be reversed on writ of error.
2. PRACTICE IN SUPREME COURT.—Such error is fundamental, and will be noticed, although not assigned as error.
3. AMENDMENT—NEW CAUSE OF ACTION.—See case of an amendment held to set up a new cause of action, and requiring notice thereof to defendants.

ERROR from Ellis. Tried below before the Hon. Hardin Hart.

November 29, 1871, Angelletta Colville, J. R. and J. F. Colville, brought suit in the District Court of Ellis county against P. H. Coffee, Sallie Pendleton, widow of E. Pendleton, deceased, and his minor children, George, William, Edward, David, Alice, and Flora Pendleton, and Pinckney C. Sims. The defendants Sims and George Pendleton resided in Texas; the other defendants, in Tennessee. Service as to the non-resident defendants was had by publication. A special guardian was appointed for the minors.

The original petition set out partnership transactions between E. Pendleton and P. H. Coffee, in which Coffee had put a large sum of money against the labor of Pendleton; that two tracts of land acquired for firm purposes had been sold under execution upon a judgment rendered against the firm, upon personal service on Coffee, under which plaintiffs had bought. They also alleged a purchase of all Coffee's in-

terest as a member of the firm; alleged payment of debts of the firm by themselves; asked judgment for the land, being less in value than the amount owing plaintiffs from the firm, and, in alternative, that an account be taken, for money judgment, &c.

On the day of trial, plaintiffs amended, setting up a sale under a trust deed made for the firm by Pendleton, the other party, and the purchase of said two tracts of land by defendant Sims, and that Sims had sold to plaintiffs all but 160 acres.

Upon a verdict finding the allegations in the petition to be true, judgment was rendered for plaintiffs for the land sued for, except 160 acres, adjudged to defendant Sims.

The defendants (except Sims) brought the case to the Supreme Court by writ of error.

*A. Bradshaw,* for plaintiffs in error.

*J. W. Ferris,* for defendants in error.

GOULD, ASSOCIATE JUSTICE.—The amended petition set up a new cause of action, and as the plaintiffs in error had no notice, actual or constructive, thereof, it was error to render a judgment founded on the matters alleged in the amendment. (Furlow *v.* Miller, 30 Tex., 29; De Walt *v.* Snow, 25 Tex., 321; Morrison *v.* Walker, 22 Tex., 19; Weatherford *v.* Van Alstyne, 22 Tex., 22.)

The assignment of errors fails to specify this as a ground of error, but it is one which is apparent on the record, and is so fundamental, that the court will act upon it, though not assigned.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.