F. CORETH v. J. K. McNATT ET AL.

Decided November 11, 1903.

**Amendment—New Cause of Action—Notice.**

An action against a warrantor of land, who did not appear, was amended without notice to him, so as to claim, in addition to the value of the part of the tract sold which was adversely claimed, depreciation in the value of the whole tract by the loss of that part. Held, that there could be no recovery for the latter element of damages without notice of the amendment.

Error from the District Court of San Saba. Tried below before Hon. Clarence Martin.

Coreth appeals from a judgment recovered against him by McNatt in suit by the latter against him and Williams.

*Rector & Brown, F. J. Maier,* and *H. C. Henne,* for plaintiff in error.

*G. A. & G. W. Walters,* for defendants in error.

STREETMAN, ASSOCIATE JUSTICE.—Defendant in error McNatt brought this suit to the April term, 1903, of the District Court of San Saba County. His original petition contained a plea, in the ordinary form of trespass to try title, against D. S. Williams for 200 acres of land. This was followed by allegations, in substance, that he, McNatt, had bought this 200 acres of land from plaintiff in error Coreth, and had received a warranty deed, and that if the defendant Williams should recover any of said land, he was entitled to recover on his covenant of warranty. The only relief sought against Coreth was to require him to appear and defend the title and respond in damages on his warranty, in case McNatt lost all or any of the land. Citation was issued, and, together with a certified copy of this petition, was served upon plaintiff in error, who resided in Comal County, Texas.

At the April term of said court the defendant Williams answered and disclaimed title to all the 200 acres sued for except 12½ acres, as to which he plead limitation.

The plaintiff McNatt then, in term time, filed an amended petition, and in this he made the following allegations, as against plaintiff in error Coreth (after setting out the conveyance by Coreth of the 200 acres, the consideration therefor and the covenant of warranty) : "That the defendant D. S. Williams is now claiming the title and possession of about 12½ acres off the east side of said tract of land conveyed by said F. Coreth to plaintiff on said first day of December, 1902, as aforesaid, and that said defendant is in actual possession of said 12½ acres bounded and described as follows. * * * And the plaintiff would show to the court that the claim or title of said defendant Williams to said 12½ acres of land, if any he has, which plaintiff denies, was acquired by him before the first day of December, 1902, and was actual and subsisting at the time said Coreth executed and delivered his deed

of conveyance as aforesaid to plaintiff, and that it is by reason of such claim or title then existing, if any title did so exist, which is denied, that said defendant Williams now claims title and possession of said 12½ acres of land adverse to plaintiff's title thereto.

"Plaintiff would further show to the court that said 12½ acres of land, claimed as aforesaid and in possession by said defendant Williams, is an improved farm, is in good state of cultivation, and is improved with valuable improvements, to wit, with fences, corrals, etc., and is decidedly the most valuable portion of said 200-acre tract of land. That it is in fact the only agricultural land and improved land belonging to said 200-acre tract. And that where said 12½ acre parcel fronts on the Colorado River there is the only accessible watering place on said river front to the entire 200-acre survey as aforesaid; that the remainder of the said 200-acre tract is dry grazing land only, and is very rough and broken land, totally unfit for agricultural purposes, or for other purposes than grazing, and very inferior land for grazing purposes. That should the defendant Williams recover of this plaintiff said 12½ acre tract claimed by him as aforesaid in this suit, the remainder of said survey of land will be almost entirely valueless to this plaintiff. That said 12½ acre parcel of land claimed by defendant Williams is of the reasonable value of $15 per acre, or of the total value of $187.50, while the remainder of the said survey alone and valued independent of said 12½ acre portion, is not worth more than $1 per acre. That while this plaintiff paid and agreed to pay to defendant Coreth the sum of $600 for said 200 acres of land, that the inducement that moved him thereto was the advantage to him of acquiring the said 12½ acres out of the eastern portion of the survey, with the improvements and river front affording the watering place for plaintiff's stock of cattle and horses. That plaintiff also owned a section of land used by him as a pasture for his stock as aforesaid, the northwest corner of which section of land being the southeast corner of the 200-acre survey sued for herein, and that said section of land so owned by defendant is a dry section of land, and does not afford permanent water for his said stock, and that he purchased the 200 acres of land from said Coreth for the purpose of connecting his said section or pasture of land as aforesaid with the Colorado River, in order that his said stock might be afforded permanent and accessible water. That the only way that his stock could pass from his pasture, as aforesaid, to the watering place, as aforesaid, on said river, was and is over the 12½ acre strip claimed by defendant Williams, because there is a public road and lane that separates said 12½ acre strip of land from the remainder of said survey. That plaintiff advised said defendant Coreth of the relative situation of said two surveys of land and of said roadway and lane, and of said watering place being the only accessible water to said 200-acre tract, and of the inducement as aforesaid to plaintiff to purchase said 200-acre tract in order to connect his other lands with the watering place on the river as aforesaid, and plaintiff furnished said Coreth with a plat or diagram show-

ing correctly the lay of the different surveys as aforesaid, and the way they connected together, and with the watering place on the river, and thus explained fully the inducements moving plaintiff to pay the large price of $600 for said 200 acres of land as aforesaid, and all this before said Coreth executed and delivered his said deed conveying said land to plaintiff with his covenant of warranty as aforesaid.

"Wherefore, premises considered, plaintiff prays that should the defendant D. S. Williams recover judgment herein against plaintiff for said 12½ acres of land or any part thereof, that said plaintiff have and recover judgment over against said defendant F. Coreth on his said warranty for the sum of $187.50, the reasonable value of said 12½ acres of land; and for the additional sum of $112.50 as his actual and special damage sustained by him in the depreciated value of the remainder of said 200-acre survey by virtue of being deprived of the use and benefit of said water privileges to the remainder of said survey of land, all on account of the breach of said Coreth's warranty; or for such sum of money as plaintiff may show himself entitled to recover on account of breach of said warranty, and for interest on such sum as plaintiff may recover at the rate of 8 per cent per annum, as in the opinion of the court may seem just and equitable, for damages," etc.

Plaintiff in error did not appear or answer and no notice of said amendment was served upon him; but at the same term of court at which said amendment was filed, judgment was rendered in favor of said McNatt for all of said 200 acres, except the 12½ acres described, which was adjudged to the defendant Williams. Judgment was further rendered by default against plaintiff in error, and the judgment contains the following recitals: "It appearing to the court that the value of the 12½ acres, *and loss to plaintiff by the loss of said 12½ acres* of said lands he lost in this suit is of the value and amount of $187.50." Judgment was according rendered for said sum.

It is now well settled that if a defendant does not appear or answer, judgment can not be rendered against him on a new cause of action set up in an amended petition of which he had no notice. Morrison v. Walker, 22 Texas, 19; Cowan v. Williams, 49 Texas, 396; Stewart v. Anderson, 8 S. W. Rep., 295, and cases cited.

The original petition in this case only authorized such damages as are customary on breach of a covenant of warranty. The amended petition, however, went much further than this and sought to recover special damages which could not have been recovered under the original pleading, and it is evident that these additional items were considered by the court in its judgment. It was error to render judgment on the amended pleading without notice to the plaintiff in error.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*