COONEY v. VAN DEREN et al.    (No. 519.)

(Court of Civil Appeals of Texas. El Paso. Feb. 10, 1916.)

JUDGMENT ⟐⟐106—DEFAULT—SUBSTITUTION OF NEW PLAINTIFFS—EFFECT.

On the substitution of new plaintiffs on motion alleging assignment to them of the cause of action by the original plaintiffs, and the adoption by the substituted plaintiffs of the petition of the original plaintiffs without adding any allegations relating to the assignment, the entry of judgment by default against the defendant without service and without permitting an opportunity to answer, his offer to answer the original plaintiffs and to deny the cause of action and the assignment having been refused, was error.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 160, 162, 180–197; Dec. Dig. ⟐⟐ 106.]

Error from District Court, Reeves County; S. J. Isaacks, Judge.

Action by F. O. Van Deren and others against P. Albert Cooney. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

This suit was filed on October 7, 1913, in the district court of Reeves county, Tex., by Frank O. Van Deren, as trustee, by Charles H. Thorpe, as his attorney in fact, and Clell

Q. Thorpe, against P. Albert Cooney, all alleged to be nonresidents of this state, alleging that on the 5th of June, 1911, the plaintiff Van Deren entered into a written contract with the plaintiffs, of date 5th of June, 1911 (supposedly in the several capacities in which the petition designates them, but not so alleged in the petition, nor is the alleged contract attached to nor made a part of the petition) by which contract Cooney contracted to purchase from plaintiffs 2,250 acres of land in Reeves county (the land not further described), and agreed to pay therefor to plaintiffs $20 per acre, a total consideration of $45,000, upon terms as follows: The sum of $5,000 on delivery of deed; to pay off and discharge incumbrances on the land, by agreement approximating the sum of $15,000; on or before 18 months after date, the further sum of $15,000. The petition alleged the delivery of sufficient deeds and abstracts to said lands in accordance with the terms of the contract, and that same were accepted by Cooney and under which Cooney took possession and placed the deeds of record. The petition alleged a failure to pay the said items of $45,000 and $15,000, and that Cooney had paid only a small amount to plaintiffs (the amounts not stated), and alleged that there was a balance due from Cooney to plaintiffs of $14,784.92, and interest thereon (the amount not named), for which plaintiffs sue and pray judgment and for costs. On the day of filing the suit, on the affidavit of Charles H. Thorpe that Cooney was indebted to plaintiffs in the sum of $14,784.92 then due, and that Cooney was a nonresident of the state, plaintiffs caused an attachment to issue and be levied upon, the return reciting:

"All of the described judgment, to wit, in cause No. 781 in the district court of Reeves county, P. Albert Cooney v. E. Leslie Cole et al., said judgment recovered in said court of date 20th day of November, 1912, said judgment being for the amount of twenty-five thousand two hundred and forty-six and $22/100$ dollars, with interest thereon from the 20th day of November, 1912, at the rate of seven per cent. per annum; and also on the 9th day of October, 1913, at 2:30 o'clock, p. m., levying upon and taking into my possession the following described real property, situated in Reeves county, Texas, and levied upon as the property of P. Albert Cooney" some 20 parcels of land.

The petition, the affidavit for attachment, and the attachment bond all show on face of the several papers filed to be signed in person by Charles H. Thorpe, acting for himself and as attorney in fact for the other plaintiffs, Van Deren and Clell Q. Thorpe. Cooney filed a petition and bond for removal of said cause to federal court, which was granted, and the cause removed and thereafter remanded to the state court. At the April term of the state court, on a demand for a jury by Cooney, the cause was placed on the jury docket. On May 29, 1914, Clell Q. Thorpe, acting for Van Deren and himself, and Charles H. Thorpe, assigned their

cause of action to John H. Morrow, subject to a prior assignment of said cause to the Pecos Valley Bank for payment of about $4,500, and in said assignment to Morrow empowered him as trustee to settle or satisfy any judgment and sign the names of the assignors to any and all papers in connection therewith, which assignment was filed with the clerk of the court, noted on the trial docket, and placed among the papers of the cause. At the April term, 1914, the cause was continued by operation of law. On November 24, 1914, Cooney, by attorney, filed a motion to quash the attachment, which motion the court overruled. On same day, Cooney filed an answer in said cause, consisting of a general and special exception to the petition, and on said day (file mark showing November 24th) Cooney filed in the cause a pleading indorsed, "Original answer of the defendant, P. Albert Cooney," consisting of a plea in abatement, and an answer traversing the allegations in plaintiffs' first amended original petition, the answer consisting of 25 paragraphs, and duly verified, the affidavit showing to have been made on the 28th day of November. On the 25th of November, the court heard the exceptions to the petition and overruled all except the third special exception, which the court sustained and gave plaintiffs leave to amend. Cooney excepted to the action of the court in overruling the general and special exceptions.

On the 30th of November, plaintiffs' first amended original petition was filed by "John H. Morrow, Leslie A. Needham, attorneys for plaintiffs," alleging that on June 5, 1911, Cooney entered into a contract with Van Deren, trustee, Percy R. Fennell, trustee, Frank W. White, by Clell Q. Thorpe, their attorney in fact, and with Clell Q. Thorpe, in which Cooney contracted to purchase 2,300 acres of land at $20 per acre, aggregating $46,080, free of all liens, or subject to certain liens mentioned, at Cooney's election, Cooney to be furnished complete merchantable abstracts of title, all objections to be cured within 60 days, Cooney to pay $1,000 earnest money, and the balance on terms as follows: Upon the acceptance of the lands subject to such liens and incumbrances as Cooney might elect and deduct the amount from the purchase price, Cooney to make to parties or whomsoever they might direct his two notes for $2,500 each payable on or before the maturity of a certain mortgage of $20,000 in certain real estate in Chicago; the two notes Cooney agreed to purchase back at any time after four and within six months, for their face value without accrued interest, after deducting from the purchase price the amount of all liens and incumbrances and the two notes; Cooney was to pay the balance of the purchase price in cash on the consummation of the deal, the petition alleged the payment of the $1,000 earnest money; that Cooney made an inspection of said lands; that plaintiffs delivered to Sherman M. Booth, as agreed, merchantable abstracts of titles; that Booth prepared various conveyances and instruments desired by him as attorney for Cooney to be executed, all of which plaintiffs executed and delivered to Booth as attorney for Cooney, which deeds and instruments vested title in Cooney to all said lands, subject only to liens and incumbrances specified in the contract, excepting the Dixie Land Town-site Bonds, less than $3,000, the total value of all said liens and incumbrances upon said lands then aggregating less than $25,835; that Cooney elected to accept said lands, took possession of the lands, and caused the conveyances to be placed of record, subject to said incumbrances, and thereupon became liable to pay plaintiffs the balance of the purchase price, naming the amounts; that Cooney refused to execute the said two $2,500 notes, but has paid in cash not to exceed $3,250, and owed on the 15th of September, 1911, to plaintiffs, an amount in excess of $17,995; that Fennell died in November, 1912, and that Charles H. Thorpe was the sole beneficiary under the trust of Fennell, trustee, and that said Thorpe is the owner by assignment of the White interest; that at the date of the filing of the original petition, and now, Cooney owes plaintiffs the said sum of $14,784.92, for which they sue.

On December 23, 1914, plaintiffs filed a motion for judgment by default for $14,784.92, interest and costs, on their first amended original petition and for foreclosure of their attachment lien. This motion is signed by Needham and Morrow as attorneys for plaintiffs. On December 29, 1914, plaintiffs, Van Deren, individually, and as trustee, Charles H. Thorpe and Clell Q. Thorpe, "by their duly authorized attorney, Clay Cooke, and also in their own proper persons," filed a motion in the case in which it is stated:

They "move the court to dismiss this cause upon the stipulations filed herein, dated December 14, 1914, each party to pay his own costs incurred herein, and that all attachments and garnishments issued or prosecuted hereunder be released and dissolved. Said plaintiffs further withdraw and annul all pleadings filed in this cause heretofore by them by Leslie A. Needham and John H. Morrow, either or both, and say that all such pleadings are without authority of these plaintiffs, and show to the court that said Needham and Morrow have no authority further to prosecute this suit on behalf of these plaintiffs, and these plaintiffs disclaim and deny all pleadings filed on behalf of them by said Needham and Morrow, either or both. Said plaintiffs further represent that all the matters involved in said pleadings so filed in this cause were settled and adjusted long prior to the filing of this suit between the parties hereto, as will appear from the personal motion of Clell Q. Thorpe, one of the plaintiffs, filed herewith and marked 'Exhibit A.' There is also filed herewith written authority to Clell Q. Thorpe on the part of Frank O. Van Deren, marked 'Exhibit B.' There is also attached hereto stipulation signed by Frank O. Van Deren that said suit is instituted, prosecuted without his knowledge, consent, sanction or approval, and agreeing

that same may be dismissed, marked 'Exhibit C.' There is also attached hereto, marked 'Exhibit D,' power of attorney from the plaintiffs, Charles H. Thorpe and Clell Q. Thorpe. There is also attached hereto contract of accord and satisfaction entered into by and between the parties, dated January 13, 1913, marked 'Exhibit F.' There is also attached hereto revocation of power of attorney to Leslie A. Needham, signed by Clell Q. Thorpe, marked 'Exhibit G.' "Wherefore plaintiffs pray that no further action be taken in this cause, but that same be dismissed in accordance with said stipulation, marked 'Exhibit E.'

"[Signed] Clay Cooke, Authorized Attorney
"for said Plaintiffs to Obtain
"this Dismissal."

Then follow the exhibits referred to in the motion. Without stating the exhibits in full, as they constitute about 20 pages of the record, we deem it best to give a condensed statement of some of them.

Exhibit A is a statement signed and acknowledged by Clell Q. Thorpe, one of the plaintiffs, in which he asserts that he is the agent and attorney in fact for Van Deren and Charles H. Thorpe, the other plaintiffs in the original petition. He states that he personally had charge of all the negotiations with defendant Cooney concerning the matters referred to in the pleadings; that the power of attorney to him, Clell Q. Thorpe, was revoked on August 10, 1911; that thereafter additional negotiations were entered into with Cooney, and on January 26, 1912, a supplemental agreement was made between Cooney and all parties to the original agreement by Clell Q. Thorpe, an agent of plaintiffs; that on April 5, 1912, all of the parties entered into a second supplemental contract, he (Clell Q. Thorpe) representing plaintiffs, and that all of the matters and things done were fully discussed and understood and ratified by all parties; that on January 13, 1913, Cooney and all parties at interest, through him as agent and attorney in fact, entered into still another or fourth contract with reference to the subject-matter of the suit, and in the motion to dismiss referred to as a memorandum of accord and satisfaction and settlement agreement, of which fourth agreement all parties at interest were informed and they approved, ratified, and confirmed the same; that Van Deren, Charles H. Thorpe, and himself constitute all of the parties at interest in the cause, and all approve his acts in his effort to dismiss this cause, the costs having been paid. Then comes the prayer to make such orders, decrees, and judgment as may be necessary to dismiss the suit and release the bondsmen.

Exhibit B is a receipt of date 9th day of January, 1913, signed by Frank O. Van Deren, trustee, and individually, and sworn to before a notary public, acknowledging full payment of all contracts for the sale of the lands to Cooney, and a release of all claims growing out of the contract of June 5, 1911, and supplemental contracts thereto.

Exhibit C is an agreement of date May 11, 1914, between Van Deren and Cooney, that this cause of action and all attachments and garnishments shall be dismissed, and that Van Deren will no longer prosecute same, either individually or as trustee, and a declaration by Van Deren that the suit and attachments thereunder "were instituted and are now prosecuted without the knowledge, sanction, consent or approval of him, said Frank O. Van Deren, trustee or individually," and that he desires the same discontinued as to him. The statements in the exhibit are sworn to by each.

Exhibit D is a general power of attorney of date 10th December, 1914, duly acknowledged, in which Charles H. Thorpe makes Clell Q. Thorpe his general attorney to transact for him any and all business of any and all kinds and nature in which his signature is necessary, and especially to make any settlement with Cooney in the manner of the sale of the lands involved in this suit.

Exhibit E is an agreement of date 14th of December, 1914, duly acknowledged, between Van Deren and Clell Q. Thorpe on one part and P. Albert Cooney, that this cause of action and all attachments, garnishments, or other proceedings therein shall be dismissed, and all liabilities on attachment or garnishment executed in the cause are relieved and discharged from any liability.

Exhibit F is a "memorandum of accord and satisfaction and settlement agreement" of date 13th day of January, 1913, between Van Deren, Fennell, Clell Q. Thorpe, and Cooney, referring to the contract for the sale of the lands on June 5, 1911, and the supplemental contracts thereto, and a "whereas" that the parties have "adjusted and compromised all matters in controversy or dispute between them from the beginning of the world to and including the day of the date hereof, and desire to preserve a written record thereof," they state a discharge and release each to the other, and Edmond W. Pottle, Sherman M. Booth, R. G. Werner, and Louis E. Randall, and each of them, their agents and attorneys, of and from "any and all claim, demand, action, cause of action, and liability of whatsoever nature or description from the beginning of the world to and including the date hereof," and a statement that each will exert their best efforts to release and discharge Cooney from the "lien, claim, liability or suits and claims of John M. Byers and his attorneys pending in the courts of Reeves county, Tex., and from the lien, claim, liability or cloud created by certain judgments heretofore rendered in favor of Frederick Findeisen, against some of the first parties hereto, and the Dixie Irrigation Company, Chas. H. Thorpe and John B. Dandridge and others, in the courts of Reeves county." The agreement embraces many other matters.

Exhibit G is a revocation of a power of attorney made by Clell Q. Thorpe to Leslie A. Needham, executed and acknowledged on the 14th day of December, 1914. The motion to dismiss this cause "came on to be heard"

on the 29th day of December, 1914, and the record states that:

"It appearing to the court that said Clay Cooke is the attorney of record for the defendant in said cause and, in presenting said motion, appeared to be acting for both plaintiffs and defendant. Wherefore, the court declined to consider said application, and it is hereby ordered by the court that said application be and the same is stricken from the record and files of this cause."

On December 30, 1914, what purports to be an assignment of this cause of action by the plaintiffs, acting by and through Charles H. Thorpe, as attorney in fact, to the Pecos Valley Bank, was filed and noted on the trial docket. The assignment bears date the 8th day of October, 1913, and authorizes the bank to prosecute the cause of action in plaintiff's name for the benefit of the bank, and states that the assignment is to be construed to be "collateral and additional security" to judgments and liens then held by the bank.

On December 30th, Cooney filed a motion to dismiss this cause, based on the motion and exhibits of the plaintiffs, and that there is no one before the court having any interest in the subject-matter of the cause other than plaintiffs and defendant. As a part of said motion, an affidavit was filed by Cooney on the 30th of December, 1914, to the effect that he had not paid plaintiffs anything to obtain said stipulations to dismiss the cause, and that the settlement, satisfaction releases, etc., shown, were made prior to the filing of the suit; that he had no knowledge or information or any facts putting him on notice of the assignment to the Pecos Valley Bank or John H. Morrow. On December 23, 1914, Clell Q. Thorpe, in writing, duly acknowledged, appointed Clay Cooke his attorney and substitute attorney for John H. Morrow (reciting authority so to do under his power of attorney from Morrow), authorizing Cooke to do whatever was necessary to be done to dismiss this cause of action. On December 30th, a motion signed by Needham, Morrow, and Ross & Hubbard was filed to strike out and exclude from the record and files the last eight pages of Cooney's answer to the amended petition, on the ground that same were not a part thereof when filed, and inserted without leave of the court. The motion to strike out the eight pages of the answer was sustained by the court, and Cooney excepted. Cooney, by motion, requested of the court permission to file the matter pleaded in answer as an amendment on the ground that the answer as filed was done in the manner agreed upon in open court; and in another motion Cooney asked leave to substitute his answer filed at a previous term of the court; and in another motion, on the ground that the answer filed at the previous term had been lost, requested permission to substitute his answer filed on appearance day, same having been substituted by the stricken answer; and in another motion, on the ground that the striking out of the answer would deprive him of the specific denials of the petition required by the law, that he should not be forced into trial with no answer under the circumstances. Cooney requested the court to permit him to file an answer containing specific denials. The motions were overruled by the court. Cooney asked leave of the court to file denials that the assignments to the Pecos Valley Bank and John H. Morrow were genuine and valid assignments, and to deny that any right or interest passed under the assignments, and offered evidence thereon. The motion was overruled. Cooney, by motion, requested of the court permission to file an answer contesting the right of Morrow and the bank to substitute themselves as plaintiffs on the ground that the assignments were fictitious and were not made at the time nor for the consideration stated and were not delivered, but were executed by plaintiff Thorpe for his own protection, he taking a power of attorney back to deal in person with same. The motion was overruled. Cooney, by motion, asked permission to substitute his answer filed in the federal court in place of his answer stricken out. The motion was overruled. Morrow and the Pecos Valley Bank, on December 30, 1914, filed a motion praying to be substituted as plaintiffs in place of Van Deren, and the two Thorpes, representing in the motion that they were the assignees of the cause of action as the real parties at interest, as evidenced by the assignments filed in the cause.

Morrow and the Pecos Valley Bank, on the 30th of December, 1914, by permission of the court, were substituted as plaintiffs in the place of Van Deren and the two Thorpes and by pleadings simply adopted the pleadings of the previous plaintiffs, and on the same day the court, Cooney not answering, nor waiving service, entered judgment by default in favor of Morrow and the Pecos Valley Bank, substitute plaintiffs, and against Cooney, for the sum of $15,876.53, with interest from date of judgment, ordered the foreclosure of the attachment lien on the land described. Cooney filed a motion for a new trial, assigning as grounds in the motion the various matters above, and attached thereto his affidavit as to the truth of the matters set out. The court refused to consider or make any order on the motion for new trial on the ground that the petition and bond for removal to the federal court had been filed and approved, after judgment by default had been entered and before the motion for new trial had been filed.

Clay Cooke, of Pecos, and J. F. McKenzie, of El Paso, for plaintiff in error. Leslie A. Needham, of Chicago, Ill., Ross & Hubbard, of Pecos, and John H. Morrow, of Abilene, for defendants in error.

WALTHALL, J. (after stating the facts as above). The transcript in this case is quite

lengthy, containing in all some 556 pages, and we have stated the above as a basis for what we might say. We have concluded that this case must be reversed and remanded, and we deem it unnecessary to consider any of the 25 assignments of error.

To the amended petition, the defendant Cooney undertook to reply, but his answer was contained in the eight pages struck out by the court on motion, leaving Cooney without answer to the amended petition, in which new parties and many facts additional to the facts alleged in the original petition are enlarged and brought into the case. The court, on the motion of Morrow and the bank, by its order, substituting them as plaintiffs in the case, brings into the case additional new parties and by their pleadings adopting the amended pleadings of the former plaintiffs, to which no answer had been made and to which none was permitted to be made, and without any additional notice to or appearance or answer by Cooney, to the new cause of action set up by the new plaintiffs, entered a judgment by default, for the amount claimed to be owed by Cooney to the plaintiffs in the amended petition, in favor of the new plaintiffs and against Cooney. We make no ruling on any of the questions raised by the action of the court refusing the plaintiffs permission to dismiss their suit, nor any of the other questions raised, as we think those questions may not arise on another trial; but we hold that the court was in error in entering a judgment by default, on the amended petition, with new parties and new issues brought into the case by the amended pleadings, and by the substituted plaintiffs, and to which Cooney had made no answer. The amended petition put Cooney to additional answer and production of proof. Lee v. Hamilton, 12 Tex. 413; Morrison v. Walker, 22 Tex. 18; Ward v. Lathrop, 11 Tex. 287.

Again, it is only by the motion of Morrow and the bank and the assignments referred to in the motion that they are shown to be owners of the plaintiffs' interests in the cause of action. The pleadings they filed do not allege that they own the interest in the cause of action. Their petition is as follows:

"Now come the Pecos Valley Bank, of Pecos, Texas (a corporation), and John H. Morrow, trustee, of Dallas, Texas, substitute plaintiffs in the above entitled and numbered cause, and adopt and make their own for the purpose of this cause all pleadings heretofore filed herein by their predecessor plaintiffs." [Signed by attorneys.]

The former pleadings adopted allege the ownership of the interests alleged to be in themselves, and there is nothing in any of the pleadings by any of the parties to suggest an interest in the subject-matter of the suit to be in Morrow or the bank. Brown v. Marqueze, 30 Tex. 76, and cases there referred to. In Armstrong v. Bean, 59 Tex. 492, the original petition was filed by A. H. Bean, in trespass to try title. Thereafter, Cora L. Bean, the real owner, claiming under conveyance from A. H. Bean, filed an amended original petition. The amended petition, except the substitution of the name of Cora L. Bean, contained the same averments found in the original petition. The defendant excepted to her petition and, among others, "that he had not been served," and that up to the filing of the amendment "had a valid defense of a subsisting and valid outstanding title in Cora L. Bean," and that her appearance deprived him of it. Defendant then pleaded not guilty, limitation, and valuable improvements. A. H. Bean was dismissed, and judgment was entered for her. Judge Stayton said:

"Had the defendant not answered to her petition, which was filed with leave of the court, it is true no judgment could have been rendered against him in the case, without service upon him."

Conceding that Morrow and the bank were properly substituted as plaintiffs for the plaintiffs in the amended pleadings, the only ground upon which judgment could have been rendered for them, and that by the substitution they asserted the same facts as are found in the amended pleadings with the additional fact of their ownership of the interest sued for, it could well be said that Cooney had never been cited to answer such suit, and the court did not have jurisdiction over the person of the defendant at the time judgment by default was entered. In Lee v. Hamilton, supra, where all parties were in fact before the court, it was held that an amendment which would necessarily put the other upon the production of proof could not be made without notice to the party to be affected by it, and that, if so made, it might be treated as a nullity. In Pendelton v. Colville, 49 Tex. 525, the Supreme Court held that an amendment setting up a new cause of action, on which judgment was entered without notice, was fundamental error.

It is not our intention in what we have said to hold that Morrow and the bank could be substituted as plaintiffs for an amount in excess of their claims. Some of the plaintiffs sue as trustees, and others as representatives of trustees. Nor are we holding that the levy of the attachment at the suit of the original plaintiffs could be foreclosed and inure to the benefit of the substitute plaintiffs. The questions are not presented here. The entry of the judgment without service of process or appearance of Cooney was fundamental error. The verbiage of the judgment indicates that a judgment by default was announced by the court and noted on the docket before the order was made substituting Morrow and the bank as plaintiffs, and the record shows no order setting aside the former judgment; but, subsequently to such announcement and entry, Morrow and the bank filed their petition to be substituted as plaintiffs, the petition granted, and judgment entered in their favor, and for their benefit, and no part of the judgment was entered in

their names for the use or benefit of the former plaintiffs. Without allegation and proof as to their ownership of the entire cause of action, we doubt the correctness of such judgment entry. Avery v. Popper, 92 Tex. 341, 49 S. W. 219, 50 S. W. 122, 71 Am. St. Rep. 849.

There are a number of other errors in law apparent upon the face of this record, which would require a reversal; but we forego discussion of same, as there is no occasion for them to occur upon a retrial.

The cause is reversed and remanded.