### JENNESS v. FIRST NAT. BANK OF GREENVILLE et al. (No. 6686.)

(Court of Civil Appeals of Texas. Nov. 7, 1923.)

**1. Appeal and error ⟜865—On writ of error on default judgment, only fundamental error considered.**

On writ of error on default judgment, only fundamental error, on error apparent on face of the record, will be considered.

**2. Judgment ⟜17(9)—Citation held insufficient to sustain default judgment on amended petition.**

Where amended petition made C. a new party defendant and set up a new cause of action as to him, but the citation on the original petition served on defendant did not contain C.'s name, it was insufficient under Rev. St. art. 1852, to sustain default judgment against defendant.

**3. Judgment ⟜17(2)—Statutory requirements of citations are mandatory.**

The requirements of the statute as to what shall be stated in a citation are mandatory, and, in absence of essential compliance, judg-

ment by default will not be sustained. Rev. St. arts. 1852, 2180.

**4. Judgment ⟜17(9)—Amended petition setting up new action as to new party required new citation.**

Where it was sought to hold defendant on guaranty or contract of suretyship and other defendants who had assumed payment of notes would either be principals or sureties, in making C. a new party and setting up a new cause of action as to him, where the amended petition alleged that C. also assumed the notes and asserted rights against him which would inure to defendant, default judgment against defendant without new citation was error.

**5. Judgment ⟜18(2)—Amended petition did not support judgment.**

Where it was sought to hold defendant on guaranty or contract of suretyship, but by amended petition a new party was made and a new cause of action set up, in which it was alleged that $3,000 of the principal of certain notes, which was all that it was alleged defendant contracted to secure, had been paid, a default judgment against defendant was not supported by the amended petition.

Error from District Court, Milam County; John Watson, Judge.

Action by the First National Bank of Greenville against Louie Jenness and others. Judgment for plaintiff, and defendant named brings error. Reversed and remanded.

W. A. Morrison, of Cameron, for plaintiff in error.

E. A. Camp, of Rockdale, for defendants in error.

BAUGH, J. The First National Bank of Greenville brought suit in the district court of Milam county against J. A. Worley, Louie Jenness, J. H. Franklin, and Gustav Schramm on 13 vendor's lien notes, asked judgment for its debt, foreclosure of its liens on lands in Milam county, and in the alternative brought an action in trespass to try title to these lands. Its petition is rather complicated, but from it we glean the following salient allegations as to facts: That the defendant Jenness, plaintiff in error, sold on January 1, 1913, 144⅔ acres of land in Milam county to the defendant Worley, who executed in part payment therefor 20 vendor's lien notes, one due each year thereafter, the first for $1,000, the next 16 for $500 each, and the last three for $1,000 each. Note No. 1 was paid. The remaining 19 Jenness transferred to one R. A. Gilliland, in payment for 205 acres of other lands in Milam county, and at the same time entered into a written contract with Gilliland by the terms of which, according to the allegations, he agreed to fix a lien on these 205 acres, "to secure the payment of $3,000 of the principal of said nineteen notes." Thereafter notes 2,

---

3, 4, and 5, aggregating $2,000 are alleged to have been paid, in a renewal loan taking them up and also extending a prior indebtedness. The remaining 15 notes were then transferred to plaintiff below, and notes Nos. 6 and 7 paid to it. Worley conveyed the 144⅔ acres to Franklin, who assumed payment of the notes; Franklin reconveyed the same land to Worley who assumed payment of the notes; and Worley then conveyed this same land to Schramm, who assumed payment of the notes.

All these defendants were duly served with citation returnable the first Monday in May, 1922. The case was continued until the October term of the court, at which time plaintiff filed its first amended original petition, in which it made another party, one J. A. Clark, a defendant, and alleged, in addition to the allegations of its original petition, that Worley had conveyed the 144⅔ acres of land to Clark, who assumed payment of the notes against it, and that Clark had thereafter reconveyed same to Worley, who had reassumed payment of the notes. Only Clark was served with citation on this amended pleading, but all the defendants except Jenness, plaintiff in error, answered. On the trial, Clark was dismissed from the suit, as prayed for by him, judgment was rendered against Schramm as principal and Franklin and Worley as sureties, for $9,339, and for foreclosure of the lien on the 144⅔ acres of land; and a judgment by default was also rendered against Jenness on the amended pleadings on which he had not been cited. This default judgment as to him was that there was still due under his contract with Gilliland, to "secure the payment of $3,000 of the principal of said 19 notes," the sum of $1,475, and ordered that in the event the 144⅔ acres of land did not sell for enough to satisfy the entire judgment of $9,339, costs, etc., then that the 205 acres bought by Jenness from Gilliland be sold under his agreement fixing a lien thereon to pay any balance due up to the $1,475 found by the court, and that whatever excess might remain from this sale be turned over to Jenness.

#### Opinion.

[1] From this judgment Louie Jenness brings the case up on writ of error under 13 assignments, upon which he asserts 7 propositions of law. The judgment against plaintiff in error being a default judgment, this court will consider only fundamental error or error apparent upon the face of the record.

Since the case must be reversed and remanded for errors committed, it is not necessary for us to consider all the propositions asserted by plaintiff in error, as they should not arise on another trial.

[2] Plaintiff in error urges that failure to cite him on the amended petition filed by plaintiff below, wherein it made Clark a new party defendant, was fundamental error, in that the citation, issued on the original petition and served upon him did not contain the names of all the defendants as required by article 1852, Revised Statutes; and for the further reason that said amended petition, as to Clark at least, set up a new cause of action.

[3] The citation served upon plaintiff in error was sufficient to have sustained a judgment based upon the plaintiff's original petition. But his amended petition was the pleading on which judgment was based, and the only citation served on Jenness does not contain the name of J. A. Clark who was a party defendant under the amended pleadings. It is immaterial that the court found in Clark's favor, and that the judgment was against only the defendants named in plaintiff's original petition. The courts have uniformly held that the requirements of the statute as to what shall be stated in a citation are mandatory and that, in the absence of such essential compliance, a judgment by default will not be sustained. Revised Statutes, arts. 1852, 2180; Moran Oil & Gas Co. v. Anderson (Tex. Civ. App.) 223 S. W. 1033; McKelvy v. Gugenheim (Tex. Civ. App.) 208 S. W. 757; Cooney y. Van Deren (Tex. Civ. App.) 182 S. W. 1190; Watson v. Miller, 69 Tex. 175, 5 S. W. 680. The plaintiff in error should have been served with new process after another party had been made defendant.

[4] Jenness should have been served with another citation for the additional reason that the allegations as to Clark showed, so far as he was concerned at least, a new cause of action as to Clark. Plaintiff in error is sought to be held only on his guaranty, or contract of suretyship (we are unable to determine from the pleadings whether he was a surety or a guarantor) as to $3,000 of the principal of the 19 notes. All parties who subsequently assumed payment of these notes would then be either principals or sureties on them, and Jenness was entitled to the benefit of all such additional protection on his guaranty. If Clark did assume the notes, as alleged in the amended pleadings, such fact created an additional protection to Jenness, and it was to that extent a new cause of action of which he was entitled to be apprised by citation that he might assert his rights. The amended petition did more than seek to clarify the original pleadings. It made a new party to the suit, and asserted rights against him which, if established, would have inured to the benefit of the plaintiff in error. Judgment against him without citation thereon was clearly erroneous. Morrison v. Walker, 22 Tex. 18; Erskine v. Wilson, 27 Tex. 118; Goggan Bros. v. Morrison (Tex. Civ. App.) 163 S. W. 123; Cooney v. Van Deren (Tex. Civ. App.) 182 S. W. 1194.

[5] Affirmative error also appears in the

judgment, in that the amended pleadings do not support it. Plaintiff below asserted a lien on Louie Jenness' 205 acres of land only under a contract between him and Gilliland alleged as follows:

"That as part pay for said last-named lands the said Jenness sold, assigned and transferred to R. A. Gilliland, the last 19 of the J. A. Worley notes hereinabove mentioned, and said notes were accepted by Gilliland as part pay for such conveyance but with the understanding and agreement in writing between Gilliland and Jenness that the vendor's lien was retained by Gilliland against said 205 acres of land so conveyed to Jenness by Gilliland to secure the payment of $3,000 of the principal of said 19 notes."

In paragraph 10 of said petition appears the further allegation that a new loan had been negotiated on this 144⅔ acres of land in the sum of $5,000, to run for a period of 10 years, "which said loan was used to take up and pay off the pre-existing loan of $3,000 against said land together with $2,000 of the principal due under the first four notes of $500 each given by Worley to Jenness." It is also admitted in said pleadings that notes Nos. 6 and 7, each for $500, had been paid. It thus appears from the pleadings before us that the $3,000 of the principal of the 19 notes, which is all that it is alleged Jenness contracted to secure, had already been paid. This being true, his obligation was discharged and no lien existed on his 205 acres of land. The judgment establishing same, for $1,475 and foreclosing a lien on Jenness' land, is, under the pleadings before us, therefore clearly erroneous. The judgment is also erroneous in that it provided that the entire proceeds from the sale of the 144⅔ acres be applied on the debt due, and if that were insufficient to pay the total debt of $9,339, then that Jenness' 205 acres be sold to pay the balance due up to the $1,475 found by the court to be still due by him under his $3,000 guaranty. Jenness' liability was limited to $3,000 on these notes, and if the 144⅔ acres sold for enough to discharge such guaranty, he would be released, whether the land sold for enough to satisfy the entire $9,339 judgment or not, and the judgment should have so provided.

For the errors pointed out, the cause must be reversed and remanded.

Reversed and remanded.