JEFFERSON WEATHERFORD V. WILLIAM VAN ALSTYNE.

An amendment, setting up an additional cause of action, should be served upon the party to be affected by it, unless he be actually in court, in person, or by attorney.

Judgment having been rendered by default, on two notes, one of which was set out in the original petition, and the other in an amended petition, which was erroneous for want of service of the amendment; this court will, at the option of the defendant in error, either reform the judgment, and render such an one as should have been rendered on the original petition, or reverse and remand the cause.

ERROR from Travis. Tried before the Hon. Alexander W. Terrell. The facts of the case are stated in the opinion.

*Nicholson*, for plaintiff in error.

*Chandler* and *Turner*, for defendant in error.

BELL, J. The defendant in error brought suit in the court below, against Weatherford and two other persons, upon a promissory note for one thousand dollars. After service, the plaintiff amended, and by the amendment claimed that Weatherford was indebted to him in the further sum of fifty dollars due upon a certain obligation in writing, &c. There was no service of the amended petition, and judgment was rendered by default for the whole amount claimed by the original and amended petitions. We have decided to-day, in the case of Morrison v. Walker, that the amendment ought to have been served, unless the party to be affected by it was actually in court, in person, or by attorney, to take notice of the amendment. The judgment on the note for one thousand dollars is correct, but the judgment on the demand for fifty dollars is erroneous. The judgment may be reformed, and judgment rendered here on the demand for one thousand dollars, made in the original petition of plaintiff below; or the judgment of the court below will be entirely reversed and the cause remanded, at the option of the defendant in error.