P. R. TRIAL AND WIFE v. SEREFIN LEPORI.

(No. 2166, Op. Book No. 2, p. 640.)

APPEAL from Wilson County.   Opinion by WATTS, J.

§ 1272. *Appeal bond in justice's court is an original paper, when, etc.* The appeal bond, when approved and filed by the justice, becomes one of the original papers in the cause, and must be transmitted to the county court, and need not be embodied in the transcript required to be sent up to the county court by the justice. It goes to the county court as one of the original papers in the cause. [R. S. 1640.]

§ 1273. *Misdescription of judgment in appeal bond; idem sonans.* There is no fatal variance between the name "Lapori," as used in the bond, and that of "Lepori," as used in the judgment. These names are *idem sonans*, and would be so held even in a criminal proceeding. [Foster v. State, 1 Ct. App. 531; Goode v. State, 2 Ct. App. 520.]

§ 1274. *Appellant need not sign appeal bond.* The appellant is not required to sign the appeal bond. He is as

effectually bound by the judgment without signing the bond as he would be by signing it. [Shelton v. Wade, 4 Tex. 150.]

**§ 1275.** *Condition of appeal bond.* The appeal bond was conditioned "that the said Serefin Lepori shall prosecute his appeal to effect, and shall pay and satisfy the judgment or decree that may be rendered against the obligors of this bond." The legal effect of this language is the same as that used in the statute, and is a sufficient compliance with the statute. [R. S. 1639; Lee v. Stone, *post*, p. 739.]

**§ 1276.** *Amendment; erroneously stricken out.* While there is much in the amended petition that is immaterial, still there is sufficient matter asserted therein to entitle the plaintiff to recover, and even if those matters did constitute a new cause of action, it was improper for the court to strike out the amendment. It purports to have been filed by leave of the court some two months before the trial, and there is no pretense that appellee did not have notice of the same. [Morrison v. Walker, 22 Tex. 18; Weatherford v. Van Alstyne, 22 Tex. 22.] Because of the error of the court in striking out appellant's amended petition, the judgment was set aside.

June 21, 1882.                    Reversed and remanded.