## P. R. TRIAL AND WIFE v. SEREFIN LEPORI.

COMMISSION OF APPEALS, AUSTIN TERM, 1882.

*Appeal bond* need not be embraced in the transcript sent by the justice's to the county court. The justice, in appealed cases, is only required to make out and certify a copy of his docket entries, and, together with original papers, transmit the same to the county court.

*Same.*—Appeal bond, when filed and approved, becomes an original paper in the case, and must be transmitted by the justice to the county court.

*Same—Variance.*—In the bond the name of the appellee is entered as "Lapori," and in the judgment as "Lepori." *Held,* That the names are *idems sonans,* and that the variance is not material.

*Same.*—It is not essential to the validity of an appeal bond that it be signed by the principal, and it follows that a transposition of the given and the surnames is not fatal to its sufficiency.

*Same.*—"'That the raid S. L. shall prosecute his appeal to effect, and shall pay and satisfy the judgment or decree that may be rendered against the obligors of this bond," is a condition tantamount to that prescribed by statute to "pay off and satisfy the judgment that may be rendered against the appellant," and is sufficient to the validity of the bond.

*Pleading.*—See opinion in this case for status of an amended pleading, the striking out of which, upon motion, is held as error.

Appeal from the County Court of Wilson county.—Opinion by Watts, J.—Appellants brought this suit against appellee in justice court, November, 1880, to recover certain seed cotton, and at the same time sued out a distress warrant, which was levied upon the cotton. December 7, 1880, the case was tried, and resulted in a verdict in favor of P. R. Trial for 1635 pounds of seed cotton, from which Lepori appealed to the county court, where appellants moved to quash the appeal bond and dismiss the appeal, which was overruled. Appellants filed a long amended petition, which, upon motion, was stricken out.

March 24, 1881, the cause was tried and·resulted in a verdict and judgment for Trial and wife for 1435 pounds of seed cotton; from which this appeal was taken. The errors relied upon are, the over- ruling the motion to the county court, and striking out the amended petition.

The first objection to the appeal bond, is, that it was not em- bodied in the transcript of the justice of the peace transmitted to the county court. This was not necessary; the statute requires the justice to make a correct copy of all the entries made on his docket in the cause, and certify thereto officially, and transmit the same, together with the original papers in the cause, to the county clerk. (Revised Statutes, art. 1640.)

The appeal bond, when approved and filed by the justice, becomes one of the original papers in the cause, and must be transmitted to the county court.

It is also urged that the bond is defective because it misdescribes the judgment; the record does not in the least support that objec- tion, for the bond very correctly describes the judgment as ren- dered by the justice of the peace. There is no fatal varience be- tween the name "Lapori," as used in the bond, and that of "Lepori," as use in the judgment. These names are *idem sonans,* and would be sufficient, even in a criminal proceeding. (Foster v. State, 1 Court Appeals, 531; Goode v. State, 2 Court Appeals, 520.)

As to the objection that the principal, Serefin Lepori, did not sign the bond, it is a sufficient answer to say that the principal is not re- quired to sign the same; he was as effectually bound by the judg- ment without signing the bond as he would have been by sign- ing it. (Shelton v. Wade, 4 Texas, 150.)

That being true, the fact that his name to the bond being re- versed, that is " Lepori Serefin," instead of " Serefin Lepori," would not invalidate it. The conditions of the bond are as follows: " That the said Serefin Lapori shall prosecute his appeal to effect and shall pay and satisfy the judgment or decree that may be ren- dered against the obligors of this bond;" whereas, the statute provides that the conditions of the bond shall be to " pay off and sat- isfy the judgment that may be rendered against the appellant." It is claimed that in this respect the bond is fatally defective.

In the case of Lee v. Stone, this day decided by us, that identical question was considered and determined against the position as- sumed by appellants. It was there held that the legal effect of the

bond as given was the same as if the identical language of the stat-
ute had been employed. That the condition of the bond fully and
clearly embraced the requisites of the statute. A further conside-
ration of the question but serves to convince us of the correctness
of the conclusions reached in that case.

While there is much in the amended petition, filed January 25,
1881, that is immaterial and presenting no cause of action, still
there is sufficient matter asserted therein respecting certain ele-
ments of damages, if sustained by evidence, to entitle the plaintiff
to recover; and if the matters thus properly asserted did constitute
a new cause of action, still it would have been improper to strike
out the amended petition on motion. It purports to have been filed
by leave of the court, some two months before the trial, and there
is no pretense that appellee did not have notice of the same. (Mor-
rison v. Walker, 22 Texas, 18; Weatherford v. Van Alstyne, 22
Texas, 22.)

Upon proper exceptions, the court should have struck out the mass
of immaterial matter found in that amendment, or might have re-
quired the appellant to replead.

We are of opinion that the court erred in striking out appellant's
amended pleading, and that the judgment ought to be reversed and
the cause remanded.