ACCEPTED
03-15-00061-CV
3913131
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/27/2015 12:04:11 PM
JEFFREY D. KYLE
CLERK

**03-15-00061-CV**

Cause No. D-1-GN-15-000238

| | | |
|---|---|---|
| TELADOC, INC., | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| v. | § | 53rd JUDICIAL DISTRICT |
| | § | |
| TEXAS MEDICAL BOARD, | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/27/2015 12:04:11 PM
JEFFREY D. KYLE
Clerk

## MOTION TO TRANSFER

TO THE HONORABLE THIRD COURT OF APPEALS

COMES NOW Honorable Gisela Triana, Judge of the 200th District Court of Travis County, Texas, joined by Teladoc, Inc., Plaintiff in Cause No. D-1-GN-15-000238 pending in this court, and requests that this action be transferred to the Honorable Court of Appeals for the Third Court of Appeals District pursuant to TEX. GOV'T CODE § 2001.038(f) and as grounds therefor would show as follows:

I.

Plaintiff Teladoc filed this suit alleging invalidity of an emergency rule adopted by the Texas Medical Board ("TMB") on January 16, 2015. A true and correct copy of the Petition is attached as Exhibit 1.

Hearing on Teladoc's request for Temporary Restraining Order was held on January 20, 2015, with Defendant represented by its general counsel and an Assistant Attorney General. After argument by both parties the Court issued its

MOTION TO TRANSFER                    Page 1

Temporary Restraining Order. A true and correct copy of the Temporary Restraining Order is attached as Exhibit 2.

Hearing on temporary injunction is set for February 2, 2015 and TMB has not agreed to extend the temporary restraining order despite having done so in the previous litigation which resulted in the Court of Appeals Opinion of December 31, 2014.

## II.

In argument, Defendant TMB submitted its Order Adopting Emergency Rule. A true and correct copy of the TMB's Order Adopting Emergency Rule is attached as Exhibit 3. The TMB's Order states in part as follows:

> "The Board further determined that the December 31, 2015 [sic] ruling by the Third Court of Appeals created an absence of such parameters and requirements, thereby allowing practitioners the ability to prescribe drugs, without ever seeing a patient; thus resulting in imminent peril to public health, safety and welfare."

The Court does not agree with TMB's interpretation of the December 31, 2014 ruling of the Court of Appeals. The Court does find that by its Emergency Rule, adopted without notice or opportunity for comment by Teladoc and the employers and numerous members of the public in Texas who have used the

services of Teladoc physicians for nine years, TMB intends to deny further provision of those services to the public.

WHEREFORE, premises considered, the Honorable Gisela Triana, joined by Teladoc, Inc., requests this action be transferred to the Honorable Court of Appeals for the Third Court of Appeals District in accord with TEX. GOV'T CODE § 2001.038(f).

Respectfully submitted,

_Hon. Gisela Triana_

Hon. Gisela Triana

JACKSON WALKER L.L.P.

By: _/s/ Matt Dow_
    Matt Dow
    State Bar No. 06066500
    Dudley D. McCalla
    State Bar No. 13354000

    100 Congress, Suite 1100
    Austin, TX 78701
    (512) 236-2000
    (512) 236-2002 - Fax

**ATTORNEYS FOR PLAINTIFF TELADOC, INC.**

3

**CERTIFICATE OF CONFERENCE**

Pursuant to Tex. R. App. P.10.1(a)((5), a conference was held on January 22, 2015 with Ted Ross, Assistant Attorney General, counsel for Respondent concerning the merits of this motion.  Respondent opposes the motion.


_/s/ Dudley D. McCalla_
Dudley D. McCalla

**CERTIFICATE OF SERVICE**

This is to certify that on this 27th day of January, 2015, a true and correct copy of the foregoing document was served via fax and email on the parties listed below:

Ted Ross
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548
Fax: 512-474-1062
Email: Ted.Ross@texasattorneygeneral.gov

_/s/ Matt Dow_
Matt Dow

# Exhibit 1

Cause No. D-1-GN-15-000238 _____

| | | |
|---|---|---|
| TELADOC, INC., | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| TEXAS MEDICAL BOARD, | § | |
| Defendant. | § | 53rd JUDICIAL DISTRICT |

## PLAINTIFF'S VERIFIED ORIGINAL PETITION FOR DECLARATORY JUDGMENT AND APPLICATION FOR INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

NOW COMES Teladoc, Inc. ("Teladoc") and files this original petition complaining of actions taken by the Texas Medical Board ("TMB") and for cause of action shows as follows:

## THIS LAWSUIT

After losing at the Austin Court of Appeals on December 31, 2014 in a related case, TMB continues to ignore its legal limitations as a state agency, pronounces an emergency where none exists and issues an emergency rule (22 T.A.C. §190.8(1)(L)) in violation of the Texas Administrative Procedure Act ("APA"). Accordingly, Teladoc asks for declaratory relief from the Court declaring that the TMB's emergency rule is invalid and enjoining enforcement of the emergency rule.

## DISCOVERY

1. Teladoc intends to conduct discovery under Level 2 of Texas Rules of Civil Procedure 190.3.

## PARTIES AND SERVICE OF PROCESS

2.    Teladoc is a Delaware company domiciled in Dallas, Texas doing business in Travis County, Texas.

3.    The Texas Medical Board is the state agency charged with administration of the Texas Medical Practice Act, Chapters 151-159 of the Texas Occupation Code, and lawful rules and regulations promulgated pursuant to that Act. TMB may be served with process by serving its Executive Director, Mari Robinson, at 333 Guadalupe, Tower 3, Suite 610, Austin, Texas 78701.

## JURISDICTION AND VENUE

4.    Teladoc brings this suit for declaratory relief under the authority of TEX. GOV'T. CODE § 2001.038 and the Uniform Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE § 37.001 et seq. Teladoc brings its application for injunctive relief under the authority of TEX. CIV. PRAC. & REM. CODE § 65.001, *et seq.*

## FACTS

### Teladoc, the TMB and Section 190.8(1)(L)

5.    In November 2003, Section 190.8(1)(L) of Title 22 of the Texas Administrative Code (the "Rule") was adopted, after proper notice and comment under the Administrative Procedures Act (the "APA"). That section, which has not been changed or amended materially since its adoption, prohibits the prescription of "any dangerous drug or controlled substance without first establishing a proper professional relationship with the patient."[1] The Rule states further:

(i) A proper relationship, at a minimum requires:

---

[1]    Teladoc physicians do not prescribe controlled substances. The term "dangerous drug" includes many common medications that are not "dangerous" but simply require a prescription from a physician.

2

(I) establishing that the person requesting the medication is in fact who the person claims to be;

(II) establishing a diagnosis through the use of acceptable medical practices such as patient history, mental status examination, physical examination, and appropriate diagnostic and laboratory testing. An online or telephonic evaluation by questionnaire is inadequate;

(III) discussing with the patient the diagnosis and the evidence for it, the risks and benefits of various treatment options; and

(IV) ensuring the availability of the licensee or coverage of the patient for appropriate follow-up care.

6.      Teladoc, a Texas-based company, is both the first and largest provider of physician telehealth consultations in the United States. Since introducing its cost effective, modern approach to Texas in 2005, Teladoc's services have been incorporated into both private and public health plans. Teladoc now provides its services to the entire commercially-insured population of Aetna in the State of Texas, as well as several large group employers such as AT&T, Home Depot, Rent- A-Center, and MetroPCS, and over three hundred smaller employers through non- Aetna plans. Teladoc also covers approximately 800,000 members of the Texas State Medicaid managed care population, approximately 25,000 individuals within the Medicare population, id., and a number of children in foster care for the Texas Health and Human Services Commission.

7.      Since beginning operation in Texas in 2005, not a single malpractice suit has been filed against Teladoc or its affiliated physicians for Teladoc telephone consultations. Indeed, there was only one prior instance in which the TMB even inquired whether a Teladoc physician might have violated Section 190.8(1)(L). In February 2006, the TMB notified Dr. Robert Kramer, a Teladoc physician, that it was investigating him for a potential "failure to establish the patient-physician relationship as per Board rule 190.8(1)(L)." See Exhibit 1 attached hereto and

3

incorporate herein by reference for all purposes. That investigation lasted less than four months, being dismissed in June 2006 "because the Board determined there was insufficient evidence to prove that a violation of the Medical Practice Act occurred."

8. Despite being fully aware of Teladoc's telehealth services model for at least five years, the TMB made no efforts to prevent Teladoc or Teladoc affiliated physicians from performing telephone consultations; indeed, the only inquiry ended in no action. On June 16, 2011, however, TMB's general counsel unexpectedly sent Teladoc a letter threatening disciplinary action against its physician contractors and legal action against Teladoc. See Exhibit 2 attached hereto and incorporate herein by reference for all purposes. The letter asserted that Teladoc was "in violation of Board rules" and was "jeopardizing [the] respective licenses" of its physicians because the TMB "does not believe that physicians in Texas can rely on [Teladoc's] representations as to compliance with Texas Board rules."

9. The basis of this TMB letter was the Board's policy and opinion that Board rule 190.8(1)(L) required a "face-to-face" examination of a patient before any physician could prescribe any dangerous drug or controlled substance. The quoted words do not appear in the Rule. No prior notice of the letter was given to Teladoc.

10. Specifically, the TMB rejected Teladoc's plain language interpretation of Section 190.8(1)(L), which requires that before prescribing medication, a doctor must "establish[] a diagnosis through the use of acceptable medical practices such as patient history, mental status examination, physical examination, and appropriate diagnostic and laboratory testing." 22 TEX. ADMIN. CODE § 190.8(1)(L)(i)(II). Teladoc read the words "such as" to indicate that the medical practices listed are illustrative, being of a type which constituted "acceptable medical practices," but not required in their totality to meet the requisites of the rule.

4

11.    The TMB asserted instead that every practice listed in Section 190.8(1)(L)(i)(II) after "such as" is required to satisfy the "acceptable medical practices" standard. The TMB argued that a "face-to-face" physical examination was required, therefore, in order to "establish a physician/patient relationship" under Section 190.8(1)(L). Thus, the TMB concluded, continuing to follow the Teladoc model "will lead to disciplinary action against the participating doctors in the program," as the TMB "will take all legal steps as are necessary" should Teladoc continue to advertise that its services conform with Texas law.

12.    Teladoc thereupon filed suit in the 353rd Judicial District Court of Travis County, Texas, seeking a declaration that the TMB's interpretation of Section 190.8(1)(L) is void for the TMB's failure to comply with APA notice and comment requirements and an injunction to prevent the TMB from enforcing its new interpretation against Teladoc and similar telehealth companies. The gravamen of the complaint was that this new interpretation was so inconsistent with the TMB's historical interpretation and the text of Section 190.8(1)(L) that it constituted a new rule, which was invalid for want of notice and comment.

13.    The TMB opposed emergency injunctive relief on the grounds that its interpretation was consistent with the text and prior interpretation of Section 190.8(1)(L), and that Teladoc's action was a premature attack on the TMB's permissible exercise of its adjudicative authority. On July 19, 2011, the Hon. John Dietz granted a temporary restraining order, barring the TMB from enforcing the rule as contained in the June 16 letter. See Exhibit 3 attached hereto and incorporate herein by reference for all purposes. On August 10, 2011, the TMB agreed to extend the TRO during the pendency of the case.

14.    After several months of discovery, both parties moved for summary judgment. On March 4, 2013, the Hon. Amy Clark Meachum signed an order granting summary judgment for

5

the TMB. See Exhibit 4 attached hereto and incorporate herein by reference for all purposes. The court also suspended enforcement of the judgment pending appeal, however, finding that the harm to Teladoc from not suspending enforcement was greater than any potential harm that supersedeas would cause to the TMB or the public. See Exhibit 5 attached hereto and incorporate herein by reference for all purposes. The TMB was thus prohibited from enforcing its interpretation of Section 190.8(1)(L) against Teladoc, and Teladoc has continued to operate as it has since 2005.

15. On December 31, 2014, the Austin Court of Appeals reversed the order granting summary judgment and rendered summary judgment declaring that TMB's pronouncements regarding Rule 190.8(1)(L)(i)(II) contained in its June 2011 letter are a "rule" under the APA and, therefore, invalid under section 2001.035 of that Act. See Exhibit 6 attached hereto and incorporate herein by reference for all purposes.

**No "Emergency"**

16. On January 16, 2015, the TMB adopted an amendment to the Rule stating the "purpose of the emergency amendment is to protect the public health and welfare by clarifying that a face-to-face visit or in-person evaluation is required before a practitioner can issue a prescription for drugs." See Exhibit 7 attached hereto and incorporate herein by reference for all purposes. Among other things, the amendment replaces "such as" with "which includes documenting and performing."

17. TMB also announced the amendment to the Rule will be presented at the February 12 and 13 Board meeting for consideration for publication and comment according to the regular rulemaking process. See Exhibit 8 attached hereto and incorporate herein by reference for all purposes. This process, if followed, will give Teladoc and other affected parties

6

and physicians opportunity to submit data, views and arguments before attempted adoption of any rule proposed by TMB (2001.029).

18.     Given Teladoc's history of several years' operations in Texas and the short time from January 16, 2015 to instigation of proper rule-making procedure under the APA, if done, any claim or suggestion of need for protection of, or imminent peril to, the public health and welfare by TMB is the essence of arbitrary and capricious action by TMB. In deposition given in the previous lawsuit on December 6, 2011, the Executive Director of TMB stated that she "work[s] with the General Counsel's office and we go over the Rules and we discuss those rules with the Board. We ensure that the – there's not going to be a rule passed before it's published with time for comment. . . ." The Board now has violated the APA twice by promulgating "rules" without allowing affected persons opportunity for comment and without complying with the APA.

## BRIEF IN SUPPORT

### Imminent Peril

19.     The APA § 2001.0034(a)(1)-(2), (b) and (d) requires an agency to set forth the following to adopt an emergency rule:

> (1)     the rule adopted;
>
> (2)     written reasons for the rule's adoption; and
>
> (3)     written reasons for the agency's findings that
>
> (a) an imminent peril to the public health, safety, or welfare exists

20.     Judge Scott McCown defined imminent peril as follows:

> The words suggest a soon-to-be-upon-us public disaster not merely a serious policy concern . . . Imminent means soon but not yet. If a problem is here, it is not imminent, but present. A present problem is not an imminent peril, regardless how serious. The legislature does not want an agency to address present problems with

7

emergency rules . . . long standing problems . . . can not be classed as imminent peril . . . as a corollary, an agency can not allow a distant problem to become an imminent peril by inaction and then promulgate an emergency rule. . . the test is whether an agency reasonably could and should have foreseen the problem in time to address it by full procedure.[2]

**TMB's purported "emergency" is a slap at the Legislature and the Public**

21.    Notice, transparency, public participation, and reasoned justification must precede assertions of agency authority by adoption of rules.  As the Austin Court of Appeals stated in its opinion, "We must give effect to these important safeguards, as the Legislature has intended."

22.    The timeline for the "emergency" looks like this.  1) Teladoc begins operating in Texas in 2005; 2) the TMB investigates a Teladoc physician in 2006 but dismisses the investigation; 3) the TMB sends a letter of June 16, 2011 to Teladoc threatening Teladoc and its physicians; and finally, almost ten years after Teladoc began doing business in Texas and sixteen days after losing at the Court of Appeals, the TMB declares an emergency.  There is no imminent peril.  There is no emergency.  There is only a state agency ignoring its legal limitations in a blatant attempt to get its way.

**The harm to Teladoc**

23.    The "emergency rule" will have an immediate and severe impact on Teladoc's ability to do business in Texas.  Teladoc's physicians cannot conduct telephonic consultations or prescribe medications if they believe that by doing so without first conducting a face-to-face physical examination and the other practices listed in the Rule, they will be subjected to disciplinary action by the TMB.

## CAUSE OF ACTION

**Request for declaration of rights under the Rule**

---

[2] F. Scott McCown, Opinion on Temporary Injunction, 1 Tex. Admin. L.J. 16, 27-30 (1992)

24.     Teladoc requests that the Court declare that the TMB's emergency rule is invalid for two reasons.  First, there is no imminent peril to public health, safety or welfare and TMB has made no such finding.  Second, TMB did not endeavor to state in writing reasons to support a finding of the requirements of APA § 2001.034(a)(1)-(2), (b), and imminent peril to the public health, safety or welfare if one had been made.  *See Methodist Hospitals of Dallas v. Texas Industrial Accident Board*, 978 S.W.2d 651 (Tex. App. –Austin, 1990, no writ).

## Application for TRO

25.     Teladoc asks the Court to temporarily enjoin enforcement of the "emergency rule" adopted by TMB pending a trial on the merits.  Teladoc has a probable right to the relief it seeks because no imminent peril to public health, safety or welfare exists as evidenced by Teladoc's operations in Texas for nine years, and TMB did not follow the requirements of APA § 2001.034(a)(1)-(2), (b), and (d).  Harm to Teladoc is imminent because TMB issued notice of the emergency rule on January 16, 2015.  The "emergency rule" will have an immediate and severe impact on Teladoc's ability to do business in Texas.  Teladoc's physicians cannot conduct telephonic consultations if they believe that by doing so without conducting prior face-to-face physical examination they will be subjected to disciplinary action by the TMB.  Unless TMB is immediately stopped from taking or threatening to take disciplinary action against Teladoc physicians based on TMB's "emergency rule," Teladoc physicians will likely withdraw from the Teladoc PA.  If the Teladoc physicians withdraw, Teladoc will be unable to serve its clients and lose millions of dollars in revenue.  Teladoc has no adequate remedy at law because it cannot recoup the loss of doctors and patients, should TMB endeavor to enforce its second illegal rule, as it has done before with the rule invalidated by the Austin Court of Appeals.

9

**Request for permanent injunction**

26.     Teladoc asks the Court for a permanent injunction after trial.

## PRAYER

WHEREFORE, premises considered, Teladoc asks the Court to declare invalid the emergency rule adopted by TMB and to temporarily enjoin its enforcement, pending a trial on the merits, and upon trial on the merits, a permanent injunction enjoining enforcement of the emergency rule. Teladoc asks for costs of suit and all other relief, at law or in equity, to which Teladoc may be entitled.

Respectfully submitted,

JACKSON WALKER L.L.P.

By:     */s/ Matt Dow*
        Matt Dow
        State Bar No. 06066500
        Dudley D. McCalla
        State Bar No. 13354000

        100 Congress, Suite 1100
        Austin, TX 78701
        (512) 236-2000
        (512) 236-2002 - Fax

**ATTORNEYS FOR PLAINTIFF**

10

## CERTIFICATE OF SERVICE

This is to certify that on this 20th day of January, 2015, a true and correct copy of the foregoing document was served via email and fax on the parties listed below:

Ted Ross
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548
Fax: 512-474-1062

_/s/ Matt Dow_
Matt Dow

12017815v.1

<u>VERIFICATION</u>

STATE OF ~~CONNECTICUT~~ New York §

COUNTY OF ~~FAIRFIELD~~ New York § §

    BEFORE ME, the undersigned Notary Public, on this day personally appeared Jason Gorevic, who being by me duly sworn on his oath deposed and said that he is the President and Chief Executive Officer of Teladoc, Inc., Plaintiff in the above entitled and numbered cause; that he has read the above and foregoing Verified Original Petition for Declaratory Judgment and Application for Injunctive Relief; and that the statements contained in paragraphs 5-15 and 20 are within his personal knowledge and true and correct.

_____
Jason Gorevic

    SUBSCRIBED AND SWORN TO BEFORE ME, on this the _20_ day of January, 2015, to certify which witness my hand and official seal.

_____
Notary Public, State of ____New York____
My Commission Expires: __5/31/15__

SUE C. ZWICK
Notary Public, State of New York
No. 4704776
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires May 31, 1994
2015

# Exhibit 1

# Letter from Texas Board of Medical Examiners against Dr. Kramer February 14, 2006



# Texas Medical Board

Mailing Address  P.O. Box 2018  Austin, TX 78768-2018
Phone (512) 305-7010

February 14, 2006

ROBERT IVAN KRAMER, MD
3702 HOLLAND # 9
DALLAS, TX 75219

Re:   File # 06-1897 (please refer to this number in future correspondence)

Dear Doctor KRAMER:

The Texas Medical Board (TMB) has initiated a formal investigation of you and/or your medical practice. The general statutory allegation is:

164.052(a)(6) USES AN ADVERTISING STATEMENT THAT IS FALSE, MISLEADING OR DECEPTIVE

164.051(a)(3) COMMITS A RULE VIOLATION

and more specifically relates to:

The TeleDoc. Website (www.teladoc.com) as relates to false, misleading advertising, failure to establish patient-physician relationship as per Board rule 190.8(1)(L), and the corporate practice of medicine.

Please complete the enclosed Medical Practice Questionnaire (MPQ) and return it on or before 3/4/06. If you have not previously provided a detailed narrative explaining the circumstances surrounding this matter, you are encouraged to do so at this time. Please know that TMB is HIPPA exempt.

Although this matter is assigned to an investigator who is not in the Austin office, unless directed to do otherwise, please forward all correspondence to mail drop MC-262 at the above address.

For information regarding the complaint process, please visit our website at www.tmb.state.tx.us.
Sincerely,

Mari Robinson, J.D., Manager
Complaints and Investigations

KELLY PATTON, Assigned Investigator (512) 259-7361

Enclosure: MPO

JSUB02.doc



EXHIBIT
C-1

TelaDoc·)
MEDICAL SERVICES                4                               12010
                       Proprietary and Confidential

                                                           T 0022

# Letter from Dr. Kramer to the Texas Board of Medical Examiners in response to allegations May 29, 2006

May 29, 2006

VIA Overnight Delivery & Facsimile

Ms. Mari Robinson, J.D.
Texas State Board of Medical Examiners
P.O. Box 2018, Mail Drop MC-262
Austin, TX 78768-2018

Re: File # 182 (Robert Ivan Kramer)

Dear Ms. Robinson:

I am in receipt of your letter dated January 25, 2006 informing me of a complaint that has been initiated alleging violations of sections 164.052(a)(6), 164.051(a)(3), and 164.052(a)(17) of the Texas Occupations Code and Board Rule 190.8(1)(L). I hereby deny the allegations, but am hopeful that my response will address your concerns and that no further action will be necessary by you or your office.

I shall begin by addressing your concerns regarding my involvement with the TelaDoc website ("the Website"). The Website is owned and operated by Cyber Medical Services, Inc. d/b/a/ TelaDoc Medical Services ("CMS"). CMS does not practice medicine. CMS administers a patient database and refers patient calls to physicians employed by a physicians' association named TelaDoc, P.A. ("The PA"). My role on the Board of Directors of CMS is to serve as a liaison between CMS and The PA in order to ensure that TelaDoc members receive "gold standard" care from The PA's doctors.

My history as a physician will demonstrate my commitment to patient care. Attached as "Exhibit 1" is a copy of my current resume. Through hard work and a tremendous belief in my role as a physician, I have developed a very solid, national reputation in the medical field. I have chosen to work on the TelaDoc concept because I believe in its mission of reducing health-care costs, empowering the patient to make certain health-related decisions, and increasing access to top-quality health care. I did not choose to be part of the TelaDoc concept for financial reasons. As I have done throughout my nearly 50 years in the medical profession, I have chosen to advocate a particular model of patient care because I believe that it is good for patients.

What attracted me to the TelaDoc concept of on-call patient care was the affordability and ready access to qualified physicians that otherwise are not widely available in the market. The TelaDoc service is designed for routine patient calls where the patient is either away from the primary care physician or is unable to access the

EXHIBIT
tabbies
C-2

TelaDoc
MEDICAL SERVICES

5

Proprietary and Confidential

12010

T 0023

primary care physician but still requires immediate medical attention. TelaDoc is not designed to replace a primary care physician and does not purport to do so.

Your letter indicated a concern regarding the alleged "failure to establish patient-physician relationship as per Board rule 190.8(1)(L)." The TelaDoc model involves delivery of patient care via telephone medical consults. Telephonic care is part of traditional medicine. The American College of Physicians has written extensively on the benefits of accessing patients via telephone. I have attached two articles from the ACP, one from 1998 and the other from 2001. They are included in "Exhibit 2" to this letter. Just as those articles advise, The PA physicians who treat CMS members have a complete patient history in front of them. PA doctors also spend as much time as is necessary to arrive at an accurate evaluation and to address questions from patients. This is the type of care that doctors provide all the time in on-call and cross-coverage situations. Only this time, the doctor is provided with much more information by which to make an appropriate diagnosis.

Moreover, TelaDoc's model does not use internet or telephone questionnaires in order to evaluate patient conditions. In other words, PA doctors are not practicing internet medicine. The only role that the internet plays is to help CMS members enroll in the service and provide medical histories for the exclusive use and viewing of PA doctors.

I would now like to address any issues concerning the TelaDoc website at www.teladoc.com. I am not involved with the design or wording of the Website. My focus at TelaDoc is to make sure that the proper infrastructure exists to enable gold standard care. However, in my role as a member of the CMS board, I will be happy to help implement any changes that the Texas Medical Board feels are necessary. If you review my over four decades as a licensed physician in Texas, you will see that I have unwaveringly upheld the highest regard for the Texas Medical Board. As always, I will defer to the Texas Medical Board's judgment and suggestions.

I appreciate your consideration and hope that no further action will be necessary by your office. Should you have any further questions, please contact me at 972-865-1614 or drbobkramer@pol.net.

Yours very truly,

Robert Kramer, M.D.

Page 2 of 2



6

Proprietary and Confidential

12010

T 0024

# Letter from Texas Board of Medical Examiners dismissing case against Dr. Kramer June 8,2006



# TEXAS MEDICAL BOARD
MAILING ADDRESS P.O. BOX 2018 · AUSTIN TX 78768-2018
PHONE (512)305-7010

June 8, 2006

ROBERT IVAN KRAMER, MD
3702 HOLLAND
# 9
DALLAS TX 75219

Re: File 406-1697

Dear Doctor KRAMER:

The investigation referenced above has been dismissed because the Board determined there was insufficient evidence to prove that a violation of the Medical Practice Act occurred. Specifically, based on the findings of the investigation, Dr. Kramer is not involved in the advertising on TelaDoc's website and does not provide direct patient care to consumers. .

As such, this complaint has been dismissed. No further action will be taken concerning this complaint

A record of this matter will become a historical part of our files and remains statutorily confidential.

Sincerely,

Mari Robinson, J.D., Manager
Complaints and Investigations

CL06C803 osr

EXHIBIT
C-3

# Exhibit 2



# Texas Medical Board

MAILING ADDRESS: P.O. BOX 2018 • AUSTIN TX 78768-2018
PHONE: (512) 305-7010

June 16, 2011

**VIA LONE STAR OVERNIGHT DELIVERY**
Mr. Paul Squire, Esq.
General Counsel
Teledoc
100 Spring Valley, Ste 600
Dallas, Texas  75244

Dear Mr. Squire:

Several recent representations by Teledoc regarding its internet program have come to the attention of the Texas Medical Board ("Board"). These representations cause concern on the part of the Board for its licensed Texas physicians. Physicians who choose to participate in the internet program you advertise should be able to expect that your company has taken all steps necessary to ensure that the service or product offered by you in Texas meets all Texas legal standards and requirements. Further, physicians should be able to have assurances from your company that they will not be jeopardizing their respective licenses should they choose to participate. The Board does not believe that physicians in Texas can rely on your representations as to compliance with Texas Board rules should they opt to participate in your program.

As you may recall, the Board, after extensive public input and numerous stakeholder meetings, several of which Teledoc participated in, adopted new telemedicine rules last year. As you will also recall, of all the stakeholders, only Teledoc and Optimum opposed the final rules as adopted, maintaining throughout the rulemaking process that "face-to-face" examinations were not necessary to establish a physician/patient relationship. Board Rule 190.8(1)(L) provides:

Prescription of any dangerous drug or controlled substance without first establishing a proper professional relationship with the patient.

    (i)    A proper relationship, at a minimum requires:
        (I)    Establishing that the person requesting the medication is in fact who the person claims to be;
        (II)    Establishing a diagnosis through the use of acceptable medical practices such a patient history, mental status examination, physician examination, and laboratory testing. An online or telephone evaluation by questionnaire is inadequate;
        . . . .

The Board both initially and throughout the process specifically rejected the position that a "face- to- face" examination was not required to establish a physician/patient relationship and crafted the Board rules to allow for situations in which that required "face-to-face" examination

could be accomplished through the use of the internet. Further refinements were provided for after that initial physician patient relationship was established. However, the fundamental language of Board Rule 190.8(1)(L) was never changed.

Teledoc's advertising material has multiple statements indicating that its process can be conducted over the telephone without any prior establishment of a physician/patient relationship via a "face-to-face" examination. Such statements include:

- **"Teledoc ....provides Aetna's Texas insured members access to Texas licensed physicians who treat minor non-emergent medical conditions via remote telephone consultations when the member's primary care physician is not available."**

- **"Specialize in talking with patients and diagnosing problems over the phone."**

- **"In compliance with the Texas Medical Board's rules, do not consult with individuals via email, algorithm or online chat, nor are consultations based solely on an online or telephone consult questionnaire."** The Board notes that the only thing the physician will be looking at is the patient's medical records maintained by Aetna. There will be no "face-to-face" examination by the Teledoc physician.

- **"You should be aware that Teledoc was actively involved in the comments to such Rules."** The Board notes that as Teledoc described its practices before the Board members sitting on the rulemaking committee, Teledoc was told it was then violating Board rules and if it continued in that vein it would continue to be in violation of Board rules.

- **"Moreover, the Texas Medical Board, when adopting the Telemedicine Rules last year, intentionally deleted phone consults from the definition of "telemedicine medical services" before the rules were finally adopted in August 2010. You should note that Teledoc does not provide video consultations here in Texas that would meet the definition of telemedicine medical services under the TMB's rules. Finally, the access which Teledoc provides to Aenta's members complies with the TMB's prior guidance ensuring that the standard of care is met in Teledoc's physicians' consultations."** Teledoc does correctly note that phone consults were deleted from the rule as adopted because such consults were directly in opposition to the position of the Board that "face-to-face" consults were the only appropriate manner in which to establish a physician/patient relationship. Such deletion was not the result of the Board's decision that telephone consultations would be appropriate. The Board notes that Teledoc was in violation of the Board's rules then and is in violation of the rules now, in that its program does not provide for a prior physician/patient relationship to be established with the "face- to-face" examination aspect.

- "... diagnose routine, non-emergency medical problems, recommend treatment, and can even call in a prescription to your pharmacy of choice, when necessary:"

These statements are but a few of the statements made by Teledoc, that if followed by licensed Texas physicians, will lead to disciplinary action against the participating doctors in the program.

Such knowing and deliberate misrepresentation is unconscionable given the active participation of Teledoc in the discussions and rulemaking procedures leading up to the adoption of the telemedicine rules in Board Rule 174 this last year. Teledoc has been told by Board members, the Executive Director and myself, as General Counsel, that the structure proposed by Teledoc is contrary to the Board's rules and that opinion has not changed due to the adoption of Board Rule 174. The adoption of that rule did not in any manner amend, modify, or delete the requirements of Board Rule 190.8(1)(L).

Accordingly, the Board is hereby notifying you that any representation that you make regarding Teledoc's program being in conformance with the Board's rules will be directly and firmly refuted by the Board. By copy hereof, the Board is sending this correspondence to the Texas Medical Association.

The Board will take all legal steps as are necessary should it see continued advertisements containing the material referenced above.

Sincerely,

Nancy Leshikar, J.D.
General Counsel

cc:     **VIA LONE STAR OVERNIGHT DELIVERY**
        Rocky Wilcox, JD
        Vice President and General Counsel
        Texas Medical Association
        401 West 15th Street
        Austin, Texas 78701

# Exhibit 3

| | | |
|---|---|---|
| TELADOC, INC., Plaintiff, | § § § | IN THE DISTRICT COURT |
| v | § § | 353rd JUDICIAL DISTRICT |
| TEXAS MEDICAL BOARD and NANCY LESHIKAR, in her OFFICIAL CAPACITY as GENERAL COUNSEL OF THE TEXAS MEDICAL BOARD, Defendants. | § § § § § § | TRAVIS COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER

On this day, the Court heard the application for temporary restraining order of Plaintiff, Teladoc, Inc. Plaintiff and Defendants appeared by and through their attorneys of record. After considering the pleadings, the affidavit and attachments in support of the pleadings, and the argument of counsel, the Court is of the opinion that the application for a temporary restraining order should be granted for the following reasons: (i) in accordance with Tex. Gov't. Code § 2001.038, Plaintiff has asserted a valid cause of action for declaratory relief with regard to the validity of the Texas Medical Board's interpretation of, and amendment to, 22 T.A.C. 190.8(1)(L); (ii) Defendants' interpretation of, and amendment to, 22 TAC 190.8 (1)(L) as set out in the General Counsel's letter of June 16, 2001, is a rule within the definition of the Texas Administrative Procedure Act (APA); (iii) Plaintiff has shown a probable right to a judgment because when an agency promulgates a rule without complying with the statutory rule-making procedures of the APA, the rule is invalid; (iv) in this matter the Texas Medical Board failed to comply with the following sections or requirements of the APA: 2001.023, .024, .029 and .033; and (v) Plaintiff will suffer immediate and irreparable harm because the proposed enforcement of the Rule will have an immediate



and severe impact on Teladoc's ability to do business in Texas. The Court further finds that the status quo will be preserved by the entry of this order.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Application for Temporary Restraining Order be and is hereby GRANTED;

ACCORDINGLY, THE TEXAS MEDICAL BOARD AND NANCY LESHIKAR, IN HER OFFICIAL CAPACITY AS GENERAL COUNSEL OF THE TEXAS MEDICAL BOARD, and their agents, servants, employees, and attorneys be and hereby are, ARE HEREBY ORDERED to desist and refrain from implementing, communicating and enforcing the rule stated in the Texas Medical Board's letter dated June 16, 2011, unless and until the Texas Medical Board properly enacts the rule according to the procedural requirements of the APA.

IT IS FURTHER ORDERED THAT Plaintiff shall execute and file with the clerk of this Court a bond, or cash deposit in lieu of bond, in the amount of $ 500ᵈ in conformity with Rule 684 of the Texas Rules of Civil Procedure, payable to Defendant and conditioned that Plaintiff will abide by the decision which may be made in the cause, and that Plaintiff will pay all sums of money and costs that may be adjudged against it if the temporary restraining order shall be dissolved in whole or in part.

The clerk shall forthwith, when so requested by Plaintiff and after Plaintiff has filed the bond described above, issue a writ of temporary restraining order in conformity with the law and the terms of this Order.

IT IS FURTHER ORDERED that, unless extended by agreement of the parties or changed by further order of this Court, this Order become effective only at such time as Teladoc files with the clerk of this court a bond in the amount of $ 500ᵈ .

2

IT IS FURTHER ORDERED that Plaintiff's application for a temporary injunction will be heard before this court on _September ~~July~~ 8_, 2011, at _2:00_ o'clock _p_.m.

IT IS FURTHER ORDERED that this order expires no later than fourteen days after issuance or until earlier amended by order of the Court, whichever occurs first.

Signed and issued this _19th_ day of July, 2011, at _3:10_ o'clock _p_.m.

_____
JUDGE PRESIDING

3

# Exhibit 4



Filed in The District Court
of Travis County, Texas

MAR 04 2013

At _____ 3:07 P. M.
Amalia R. Rodriguez-Mendoza, Clerk

CAUSE NO. D-1-GN-11-002115

| | | |
|---|---|---|
| TELADOC, INC.,<br>*Plaintiff,*<br><br>v.<br><br>TEXAS MEDICAL BOARD and<br>NANCY LESHIKAR, in her<br>OFFICIAL CAPACITY AS<br>GENERAL COUNSEL OF THE<br>TEXAS MEDICAL BOARD,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF<br><br><br>TRAVIS COUNTY, TEXAS<br><br><br><br>353RD JUDICIAL DISTRICT |

## ORDER AND JUDGMENT

This matter came before the Court on the 29th day of August, 2012 pursuant to the cross-motions for summary judgment filed by Plaintiff and Defendants. Plaintiff was present through its counsel of record, Matt Dow, Jackson Walker LLP. Defendants were present through their counsel of record, Assistant Attorney General Ted A. Ross, Office of the Attorney General.

Having considered the parties' motions and responses, as well as the other relevant material on file, and having heard the arguments of counsel, the Court finds as follows:

1.    The June 16, 2011 letter sent by the General Counsel of the Texas Medical Board to Teladoc, Inc. is not an unpublished "rule" within the meaning of the Texas Administrative Procedure Act ("APA").

2.    Plaintiff has not established that it is entitled to permanent injunctive relief.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Summary Judgment DENIED in accordance with the findings above.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment is GRANTED in accordance with the findings above.

IT IS FURTHER ORDERED that the Temporary Restraining Order entered in this case on July 19, 2011, and extended through the parties' Rule 11 Agreement dated August 10, 2011, has expired and is therefore dissolved.

IT IS FURTHER ORDERED that the Clerk of the Court is to return to Plaintiff the $500 cash deposit in lieu of bond.

IT IS SO ORDERED, ADJUDGED AND DECREED this 4th day of March, 2013.

THE HONORABLE AMY CLARK MEACHUM
Judge Presiding

APPROVED AS TO FORM:

Matt Dow
JACKSON WALKER LLP
State Bar No. 06066500
100 N. Congress, Suite 1100
Austin, Texas 78701
(512) 236-2000
(512) 236-2002 – Facsimile
*Attorneys for Plaintiff*

Ted A. Ross
Assistant Attorney General
State Bar No. 24008890
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Administrative Law Division
P.O. Box 12548
Austin, Texas 78711-2548
Phone: (512) 475-4300
Fax: (512) 457-4674
*Attorneys for Defendants*

# Exhibit 5

Cause No. D-1-GN-11-002115

| | | |
|---|---|---|
| TELADOC, INC., | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | TRAVIS COUNTY, TEXAS |
| TEXAS MEDICAL BOARD and | § | |
| NANCY LESHIKAR, in her OFFICIAL | § | |
| CAPACITY AS GENERAL COUNSEL | § | |
| OF THE TEXAS MEDICAL BOARD, | § | |
| Defendants. | § | 353rd JUDICIAL DISTRICT |

## SUPERSEDEAS ORDER

The Court, having considered Plaintiff's Motion for Supersedeas Order and Brief in Support and the Response of Defendants, finds that the elements of TEX. R. APP. P. 24.2(a)(5) have been satisfied. Specifically, the Court finds that 1) Defendant Texas Medical Board is a governmental entity and Defendant Nancy Leshikar is a defendant because of her official capacity as general counsel of Texas Medical Board; 2) on ~~February~~ March 4, 2013 the Court signed a Final Judgment in favor of Defendants in their governmental capacity; 3) Defendants have no pecuniary interest in this matter; 4) Plaintiff will likely be harmed if enforcement of the Final Judgment is not suspended in that Plaintiff will no longer be able to conduct business in Texas under its current business model; and 5) Defendants and the public will suffer no harm from suspension of enforcement of the Final Judgment in this case, or at any rate the harm they suffer is outweighed by harm Plaintiff would suffer by suspension.

IT IS ORDERED, ADJUDGED and DECREED that the Final Judgment of ~~February~~ March 4, 2013 is superseded and suspended during any appeal of such judgment to the Court of Appeals and any other further appeals. Because the TMB will suffer no "actual damages . . . from suspension of the judgment," TEX. R. APP. P. 24.2(a)(5), no bond, deposit or security is required.

8469398v.1

Signed this ___ day of ~~February~~ March, 2013.


_____
The Honorable Amy Clark Meachum
Judge Presiding

# Exhibit 6

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## JUDGMENT RENDERED DECEMBER 31, 2014

### NO. 03-13-00211-CV

Teladoc, Inc., Appellant

v.

Texas Medical Board and Nancy Leshikar,
in her Official Capacity as General Counsel of the Texas Medical Board, Appellees

## APPEAL FROM 353RD DISTRICT COURT OF TRAVIS COUNTY
## BEFORE CHIEF JUSTICE JONES, JUSTICES PEMBERTON AND FIELD
## REVERSED AND RENDERED -- OPINION BY JUSTICE PEMBERTON

This is an appeal from the judgment signed by the district court on March 4, 2013. Having

reviewed the record and the parties' arguments, the Court holds that there was reversible error in

the district court's judgment. Therefore, the Court reverses the district court's judgment and

renders summary judgment declaring that Texas Medical Board's pronouncements regarding

Rule 190.8(1)(L)(i)(II) contained in its June 2011 letter are a "rule" under the Administrative

Procedure Act and, therefore, invalid under section 2001.035 of that Act. The appellees shall

pay all costs relating to this appeal, both in this Court and the court below.

# Exhibit 7

**TEXAS MEDICAL BOARD RULES**
Texas Administrative Code, Title 22, Part 9
## Proposed Changes – Emergency Rule

**Chapter 190**                                                     **Proposed to Board**
Disciplinary Guidelines
Page 1 of 2

**190.8 Violation Guidelines.** When substantiated by credible evidence, the following acts, practices, and conduct are considered to be violations of the Act. The following shall not be considered an exhaustive or exclusive listing.

(1) Practice Inconsistent with Public Health and Welfare. Failure to practice in an acceptable professional manner consistent with public health and welfare within the meaning of the Act includes, but is not limited to:

*(A) - (K) no change*

> (L) prescription of any dangerous drug or controlled substance without first establishing a [proper professional] defined physician-patient relationship[with the patient].

>> (i) A [proper] defined physician-patient relationship must include, at a minimum[requires]:

>>> (I) establishing that the person requesting the medication is in fact who the person claims to be;

>>> (II) establishing a diagnosis through the use of acceptable medical practices[such as], which includes documenting and performing:

>>>> (-a-) patient history[,];

>>>> (-b-) mental status examination[,];

>>>> (-c-) physical examination that must be performed by either a face-to-face visit or in-person evaluation as defined in Section 174.2(3) and (4) of this title[,]. The requirement for a face-to-face or in-person evaluation does not apply to mental health services, except in cases of behavioral emergencies, as defined by Texas Health and Safety Code, Section 415.253; and

>>>> (-d-) appropriate diagnostic and laboratory testing.

>>> (III) An online questionnaire or questions and answers exchanged through email, electronic text, or chat or telephonic evaluation of

or consultation with a patient are inadequate to establish a defined physician-patient relationship[ by questionnaire is inadequate];

([III]IV) discussing with the patient the diagnosis and the evidence for it, the risks and benefits of various treatment options; and

([IV]V) ensuring the availability of the licensee or coverage of the patient for appropriate follow-up care.

*Remainder of rule unchanged*

# Exhibit 8



# TEXAS MEDICAL BOARD

TO:        Telemedicine Stakeholders
           Interested Parties

FROM:      Scott Freshour, General Counsel

DATE:      January 16, 2015

SUBJECT:   Texas Medical Board's Notification of an Emergency Rule

---

Dear Telemedicine Stakeholders and Interested Parties:

Today the Texas Medical Board (Board) adopted an amendment on an emergency basis to Rule 190.8(1)(L), relating to Violation Guidelines. The purpose of the emergency amendment is to protect the public health and welfare by clarifying that a face-to-face visit or in-person evaluation is required before a practitioner can issue a prescription for drugs. Attached is a copy of Rule 190.8(1)(L), as amended. This emergency rule is effective immediately. The same version of the rule will proceed through the regular rulemaking process.

Please know that in adopting this emergency rule, the Board was cognizant of the input from the Telemedicine Stakeholders concerning Rule 174 related to the issue of an "established medical site" and the provision of mental health services. In response to this input, Board Staff has drafted potential amendments to Rule 174, which are also included as an attachment for your review.

The two rules, 190.8(1)(L) and 174, will be presented at the February 12 and 13, 2015 Board meeting for consideration for publication and comment according to the regular rulemaking process. Board Staff has endeavored to make the two rules compatible to ensure patient safety while allowing greater access to mental health services via telemedicine.

The Board looks forward to your input on these issues.


C:     Mari Robinson, Executive Director

Location Address:                        Mailing Address              Phone 512.305.7010
333 Guadalupe, Tower 3, Suite 610        MC-251, P.O. Box 2018        Fax 512.305.7051
Austin, Texas 78701                      Austin, Texas 78768-2018     www.tmb.state.tx.us

Cause No. _____

| | | |
|---|---|---|
| TELADOC, INC., | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | \_\_\_ JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | |
| | § | |
| TEXAS MEDICAL BOARD, | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER

On this day, the Court heard the application for temporary restraining order of Plaintiff, Teladoc, Inc. Plaintiff and Defendant appeared by and through their attorneys of record. After considering the pleadings, the affidavit and attachments in support of the pleadings, and the argument of counsel, the Court is of the opinion that the application for a temporary restraining order should be granted for the following reasons: (i) in accordance with Tex. Gov't. Code § 2001.038, Plaintiff has asserted a valid cause of action for declaratory relief with regard to the invalidity of the Texas Medical Board's emergency amendment to, 22 T.A.C. 190.8(1)(L) as set out in the General Counsel's memo of January 16, 2015; (ii) Plaintiff has shown a probable right to a judgment because no imminent peril to public health, safety or welfare exists and Defendant did not follow the requirements of Texas Administrative Procedure Act (APA) § 2001.034(a)(1)-(2), (b), and (d) and so therefore the rule is invalid; and (iii) Plaintiff will suffer immediate and irreparable harm because the proposed enforcement of the emergency rule will have an immediate and severe impact on Teladoc's ability to do business in Texas. The Court further finds that the status quo will be preserved by the entry of this order.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Application for Temporary Restraining Order be and is hereby GRANTED;

ACCORDINGLY, THE TEXAS MEDICAL BOARD, and its agents, servants, employees, and attorneys be and hereby are, ARE HEREBY ORDERED to desist and refrain from implementing, communicating and enforcing the rule stated in the Texas Medical Board's letter dated January 16, 2015 until further order of this Court.

IT IS FURTHER ORDERED THAT Plaintiff shall execute and file with the clerk of this Court a bond, or case deposit in lieu of bond, in the amount of $_____ in conformity with Rule 684 of the Texas Rules of Civil Procedure, payable to Defendant and conditioned that Plaintiff will abide by the decision which may be made in the cause, and that Plaintiff will pay all sums of money and costs that may be adjudged against it if the temporary restraining order shall be dissolved in whole or in part.

The clerk shall forthwith, when so requested by Plaintiff and after Plaintiff has filed the bond described above, issue a writ of temporary restraining order in conformity with the law and the terms of this Order.

IT IS FURTHER ORDERED that, unless extended by agreement of the parties or changed by further order of this Court, this Order become effective only at such time as Teladoc files with the clerk of this court a bond in the amount of $_____.

IT IS FURTHER ORDERED that Plaintiff's application for a temporary injunction will be heard before this court on _____, January _____, 2015, at _____ o'clock ___.m.

IT IS FURTHER ORDERED that this order expires no later than fourteen days after issuance or until earlier amended by order of the Court, whichever occurs first.

Signed and issued this _____ day of January, 2015, at _____ o'clock ___.m.

2

_____

JUDGE PRESIDING

12018141v.1

3

# Exhibit 2

Cause No. D-1-GN-15-000238

| | | |
|---|---|---|
| TELADOC, INC., | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| v. | § | 53rd JUDICIAL DISTRICT |
| | § | |
| TEXAS MEDICAL BOARD, | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER

On this day, the Court heard the application for temporary restraining order of Plaintiff, Teladoc, Inc. Plaintiff and Defendant appeared by and through their attorneys of record. After considering the pleadings, the affidavit and attachments in support of the pleadings, and the argument of counsel, the Court is of the opinion that the application for a temporary restraining order should be granted for the following reasons: (i) in accordance with Tex. Gov't. Code § 2001.038, Plaintiff has asserted a valid cause of action for declaratory relief with regard to the invalidity of the Texas Medical Board's emergency amendment to, 22 T.A.C. 190.8(1)(L) as set out in the General Counsel's memo of January 16, 2015; (ii) Plaintiff has shown a probable right to a judgment because no imminent peril to public health, safety or welfare exists and Defendant did not follow the requirements of Texas Administrative Procedure Act (APA) § 2001.034(a)(1)-(2), (b), and (d) and so therefore the rule is invalid; and (iii) Plaintiff will suffer immediate and irreparable harm because the proposed enforcement of the emergency rule will have an immediate and severe impact on Teladoc's ability to do business in Texas. The Court further finds that the status quo will be preserved by the entry of this order.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Application for Temporary Restraining Order be and is hereby GRANTED;

ACCORDINGLY, THE TEXAS MEDICAL BOARD, and its agents, servants, employees, and attorneys be and hereby are, ARE HEREBY ORDERED to desist and refrain

from implementing, communicating and enforcing the amendments to Rule 190.8(1)(L) as stated in the memorandum from the Texas Medical Board's General Counsel Scott Freshour dated January 16, 2015 until further order of this Court.

IT IS FURTHER ORDERED THAT Plaintiff shall execute and file with the clerk of this Court a bond, or cash deposit in lieu of bond, in the amount of $ 500 00 in conformity with Rule 684 of the Texas Rules of Civil Procedure, payable to Defendant and conditioned that Plaintiff will abide by the decision which may be made in the cause, and that Plaintiff will pay all sums of money and costs that may be adjudged against it if the temporary restraining order shall be dissolved in whole or in part.

The clerk shall forthwith, when so requested by Plaintiff and after Plaintiff has filed the bond described above, issue a writ of temporary restraining order in conformity with the law and the terms of this Order.

IT IS FURTHER ORDERED that, unless extended by agreement of the parties or changed by further order of this Court, this Order become effective only at such time as Teladoc files with the clerk of this court a bond in the amount of $ 500 00 .

IT IS FURTHER ORDERED that Plaintiff's application for a temporary injunction will be heard before this court on Monday, February 2, 2015, at 9:00 o'clock A.m.

IT IS FURTHER ORDERED that this order expires no later than fourteen days after issuance or until earlier amended by order of the Court, whichever occurs first.

Signed and issued this 20 day of January, 2015, at 3:43 o'clock a.m.

_Stuila D. Mani_
JUDGE PRESIDING

# Exhibit 3

# THE TEXAS MEDICAL BOARD

## ORDER ADOPTING
## EMERGENCY RULE

22 Texas Administrative Code
Chapter 190.8(1)(L)(i)(II)
Violation Guidelines

The Texas Medical Board (Board) adopts an amendment on an emergency basis to Chapter 190, relating to Disciplinary Guidelines, 190.8, Violation Guidelines.

The Board adopts an amendment on an emergency basis to Chapter 190, relating to Disciplinary Guidelines, Rule190.8, Violation Guidelines. The emergency amendment to Rule190.8 adds language to paragraph (1)(L) in order to clarify a "defined physician-patient relationship" and the requirements for establishing same before prescribing drugs. The amendment clearly defines the minimum elements that are required to establish a defined physician-patient relationship. The elements include a physical examination that must be performed either by a face-to-face visit or an in-person evaluation, as those terms are defined under existing board rules.

Rule 190.8(1)(L) was originally challenged by Teladoc in State District Court in Travis County, Texas. Teladoc claimed that a June 2011 letter, from Nancy Leshikar (former General Counsel of the Board) to Teladoc, stating that Teladoc's business model of providing medical services, including prescribing medications/drugs without establishing a physician-patient relationship through a face-to-face visit, was in violation of Rule 190.8(1)(L), constituted improper rulemaking and was invalid. The State District found in favor of the Board and determined that the June 2011 letter was a restatement of long-standing law and policy of the Board. Teladoc appealed the District Court ruling to the Texas Court of Appeals, Third District, under Cause No. 03-13-00211-CV, *Teladoc, Inc., Appellant vs. Texas Medical Board and Nancy Leshikar, in her Official Capacity as General Counsel of the Texas Medical Board, Appellees.* Again, Teladoc claimed that a June 2011 letter, from Nancy Leshikar (former General Counsel of the Board) to Teladoc, constituted improper rule making and was invalid, as it was not properly promulgated under the Texas Government Code. On December 31, 2014, the Third Court of Appeals ruled that the June 2011 letter interpreting Board Rule 190.8(1)(L)(i)(II) indeed constituted improper rulemaking and was invalid.

The amendment is adopted on an emergency basis under §2001.034 of the Texas Government Code. The Board has determined that, in order to protect the public health and welfare, it is vital to establish a defined physician-patient relationship before prescribing drugs. The Board further determined that the December 31, 2015 ruling by the Third Court of Appeals created an absence of such parameters and requirements, thereby allowing practitioners the ability to prescribe drugs, without ever seeing a patient; thus resulting in imminent peril to public health, safety and welfare.

The Board finds that prescribing drugs to a patient without first evaluating and examining the patient in a face-to-face visit or in-person evaluation makes it impossible for a practitioner to insure proper and accurate diagnosis and treatment; to insure proper prescribing practices are followed; to insure the drugs prescribed are therapeutic, i.e., the medications prescribed are actually needed and/or proper for the condition (which has never been verified by an in-person evaluation or face-to-face visit); and/or prevent overuse/abuse of drugs of any kind.

The absence of a required defined physician-patient relationship further results in a complete lack of review of patient records and allows a patient with a subjective complaint, not verified, to simply call any practitioner and receive a prescription drug without an in-person evaluation or face-to-face visit. This significantly increases the risk of misdiagnosis, mismanagement of patients, over-prescribing, inappropriate prescribing, drug diversion and drug abuse. Even with drugs, such as antibiotics, there is an immediate threat of incorrect and injudicious antibiotic use, which can result in bacterial overgrowth that thereby lead to the "superbugs, such as MRSA and other antibiotic resistant organisms.

Prescribing drugs without a face-to-face visit or in-person evaluation is not the generally accepted medical practice and does not meet the standard of care. Without requirements for a practitioner to examine and evaluate a patient, by a face-to-face visit or in-person evaluation, prior to prescribing drugs, seriously compromises and undermines the Board's statutory mandate to protect the public health and welfare.

The amendment to Rule 190.8(1)(L) insures patient safety by setting forth specific parameters and requirements for a practitioner to establish a defined physician-patient relationship prior to prescribing drugs and, thereby, removes the current imminent peril to the public health, safety and welfare. The amendment to Rule 190.8(1)(L) will protect patient health and safety by requiring the use of acceptable medical practices that comply with state law and medical board rules, while still providing ample access to medical treatment, via traditional medicine or telemedicine.

This amendment to Rule 190.8(1)(L) does not expand the requirements for treating patients, via traditional medicine or telemedicine, but rather, clarifies existing requirements for prescribing and is consistent with the board's existing rules related to acceptable medical practices, the current requirements for medical record documentation of patient evaluations and examinations, and existing requirements for the practice of telemedicine.

Based on the Third Court of Appeal's ruling, on January 16, 2015, at an emergency meeting of the Board, the Board adopted an amendment to Rule190.8(1)(L) relating to Violation Guidelines, to be effective immediately. The Notice of Adoption and emergency Rule 190.8(1)(L) were filed with the Secretary of State on January 16, 2015 to be published in the Texas Register.

The amendment is adopted on an emergency basis under §2001.034 of the Texas Government Code and under the authority of Texas Occupations Code Annotated, §§153.001, which provides authority for the Board to adopt rules and bylaws as necessary to govern its own proceedings, perform its duties, regulate the practice of medicine in this state, and enforce this subtitle.

The Board certifies that the emergency adoption of the proposed rules has been reviewed by legal counsel and found to be a valid exercise of the agency's legal authority.

It is therefore ORDERED by the Board that the proposed rules are ADOPTED on an emergency basis, as stated above. A copy of the amended rules is incorporated in this ORDER.

Signed and entered as of January 16, 2015.

Michael Arambula, M.D., R.Ph., President
Texas Medical Board